858 F.2d 1071
 57 USLW 2284, 12 Fed.R.Serv.3d 562
 Debra WALKER, et al., Plaintiffs-Appellees,
v.
The CITY OF MESQUITE, et al., Defendants.
The HOUSING AUTHORITY OF the CITY OF DALLAS and The U.S.
Department of Housing and Urban Development,
Defendants-Appellees,
v.
Tillie BAYLOR and Kenneth Hogg, Members of the Class, Appellants.
 No. 87-1123.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 31, 1988.
 
 Donald Hicks, Donald W. Hill, Dallas, Tex., for appellants.
 Michael Jay Singer, Mark W. Pennak, Attys., Dept. of Justice, Civ. Div., Washington, D.C., for U.S. Dept. HUD.
 Michael M. Daniel, Elizabeth K. Julian, Executive Director, North Cent. Texas Legal Service Foundation, Inc., Dallas, Tex. for Debra Walker, et al. and Thompson, et al.
 Joseph G. Werner, Stephen A. Grimmer, Dallas, Tex. for Housing Authority of the City of Dallas.
 Appeal from the United States District Court for the Northern District of Texas.
 Before REAVLEY, JOHNSON, and JONES, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 Appellants Tillie Baylor and Reverend Kenneth Hogg, individual members of a certified class, but not named parties in the instant suit, seek to challenge a consent decree entered by the district court approving a settlement between the named parties. Concluding that Baylor and Hogg lack the requisite standing to appeal the consent decree in this class action, we dismiss.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 On June 25, 1985, plaintiff Debra Walker, a black woman eligible for federal low income housing assistance, filed the instant suit against the City of Mesquite, Texas, alleging that the City had failed to enter into a cooperation agreement with the Dallas Housing Authority (DHA) in violation of 42 U.S.C. Secs. 1981, 1982, 1983 and 42 U.S.C. Sec. 3604. Walker claimed that the City's refusal in this regard made subsidized rental housing in Mesquite unavailable to her on the basis of her race. Ultimately, Walker amended her complaint to assert a class action. Seven named plaintiffs, all black women eligible for federal housing assistance, were also added to the original complaint. Further, the DHA, the United States Department of Housing and Urban Development (HUD), and seven other suburban cities in the Dallas area were named as defendants. The district court, however, subsequently dismissed the complaints against the defendant cities.
 
 
 3
 Thereafter, on November 6, 1986, the named parties sought approval by the district court of a proposed settlement reached by the parties in the form of a consent decree. After receiving the request of the parties for approval of the proposed decree, the district court ordered that the DHA distribute to putative class members notice of the proposed settlement and notice of a December 12, 1986, fairness hearing on that settlement. At the fairness hearing on December 12, 1986, the district court considered oral testimony and documentary exhibits relating to the settlement. The district court subsequently approved the consent decree and on January 20, 1987, signed the decree and entered its findings of fact and conclusions of law. In the January 20 decree, the district court also certified as a plaintiff class all black persons who were then, or who, during the pendency of the decree, became either "(a) residents of a DHA owned or managed project or (b) participants in the DHA Section 8 Existing Housing Program."
 
 
 4
 Following the entry of the January 20 consent decree by the district court, objectors Baylor and Hogg, members of the certified class, but not named plaintiffs, filed a pro se notice of appeal on February 19, 1987, from the district court's January 20 decree. Thereafter, Baylor and Hogg filed a motion to intervene in the district court for the purpose of challenging the January 20 consent decree. The district court denied the motion to intervene and significantly, Baylor and Hogg did not seek to appeal the denial of that motion. We now turn to the instant appeal.
 
 II. DISCUSSION
 
 5
 Appellees DHA, HUD, and the named plaintiffs all challenge the standing of Baylor and Hogg to appeal the January 20 consent decree. Further, DHA seeks damages and double costs from Baylor and Hogg pursuant to Fed.R.App.P. 38 on the basis that Baylor and Hogg filed a frivolous appeal. For the reasons set forth below, we agree that Baylor and Hogg lack standing to challenge the January 20 consent decree, but we decline to impose sanctions under Rule 38.
 
 
 6
 In Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157 (5th Cir.1978), cert. denied, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979), this Court recognized that distinctive problems may be presented where the named plaintiffs in a class action and the class attorney decide not to appeal a final judgment in a class action. 576 F.2d at 1178 n. 19. The Pettway Court then proceeded to note that "members of the class may certainly pursue relief in a collateral proceeding" but then expressly declined to resolve "[w]hether, and how, a direct appeal may be taken absent the participation of the original named plaintiffs, or the participation of both the named plaintiffs and the class attorney." Id. Since Pettway, this Court has not yet spoken dispositively to the above issue; however, the Eleventh Circuit has so spoken in Guthrie v. Evans, 815 F.2d 626 (11th Cir.1987), concluding that a nonnamed class member of a certified class may not appeal the final judgment in a class action. Persuaded that the reasoning employed by the Eleventh Circuit in Guthrie is correct, we now join in the above conclusion.
 
 
 7
 In Guthrie, the Eleventh Circuit stated three reasons in support of its holding that individual, nonnamed class members do not have standing to appeal a final judgment binding on the class members.
 
 
 8
 First, such individuals cannot represent the class absent the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure. Second, class members who disagree with a course of a class action have available adequate procedures through which their individual interests can be protected. Third, class actions could become unmanageable and non-productive if each member could individually decide to appeal.
 
 
 9
 Guthrie, 815 F.2d at 628. While recognizing the importance of all of the above three reasons outlined by the Guthrie court for concluding that individual, nonnamed class members do not possess standing to appeal the final judgment in a class action, we find particularly significant the second proferred justification for that conclusion which relates to the collateral avenues of relief which are available to nonnamed class members to protect their interests. Specifically, those collateral avenues of relief include the filing of a motion to intervene in the district court as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 24, Advisory Committee Notes; Lelsz v. Kavanagh, 710 F.2d 1040, 1043-44 (5th Cir.1983). "Intervention is a means whereby class members can monitor the representation of their rights." Guthrie, 815 F.2d at 628. Further, an order denying a motion to intervene is a final appealable order. Id. In the instant case, Baylor and Hogg did in fact file a motion to intervene in the class action; however, the motion to intervene was filed subsequent to the entry of the January 20 consent decree. Despite the untimely filing of the motion, the district court addressed the merits of that motion and rejected the contention of Baylor and Hogg that the representation of class members in the instant proceedings was inadequate. Importantly, Baylor and Hogg did not appeal the denial by the district court of their motion to intervene.
 
 
 10
 An additional method of collateral attack available to individual, nonnamed class members to protect their interests is the filing of a separate suit in the district court challenging the adequacy of class representation. Gonzales v. Cassidy, 474 F.2d 67 (5th Cir.1973). We note in this regard that the filing of such a separate suit remains a viable option to the individual, nonnamed class members such as Baylor and Hogg in the instant action should such members question the adequacy of class representation.
 
 
 11
 Further, our conclusion today that nonnamed class members do not have standing to appeal the final judgment in a class action is supported by the recent decision of the Supreme Court in Marino v. Ortiz, --- U.S. ----, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). In Marino, the Supreme Court recognized the general rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment. Marino, 108 S.Ct. at 587. In Marino, the Supreme Court concluded that individuals who were nonparties and who chose not to intervene in a class action could not later appeal the final judgment in that action. Noting that the Court of Appeals in that case suggested that there may be exceptions to the general rule of nonappealability by nonparties such as when the nonparty has an interest that is affected by the trial court's judgment, the Supreme Court nevertheless concluded that the better practice is for a nonparty to seek intervention for purposes of appeal. Id. In so concluding, the Supreme Court recognized that the denials of such motions to intervene are, of course, appealable. Id.
 
 
 12
 Similar to the conclusions reached in Marino and Guthrie, we conclude that the better practice in the instant case is for nonnamed class members to file a motion to intervene and then, upon the denial of that motion, appeal to this Court. A contrary rule would result in the frustration of the purpose behind class litigation. Specifically, as recognized by the Eleventh Circuit in Guthrie, "[i]f each class member could appeal individually, the litigation could become unwieldly," unmanageable, and nonproductive. Guthrie, 815 F.2d at 629.[1] In the instant case, objectors Baylor and Hogg could have intervened in the class action prior to the entry of the consent decree on January 20. Indeed, notice of the proposed settlement was distributed to all putative class members and a fairness hearing on the proposed settlement was conducted by the district court. Further, Baylor and Hogg did file a motion to intervene, albeit untimely, pursuant to which the district court addressed the merits of the claims of Baylor and Hogg as to the adequacy of class representation. Baylor and Hogg, however, did not seek to appeal the denial of the motion to intervene. Thus, we are constrained to dismiss the instant appeal for lack of jurisdiction. In doing so, we expressly recognize the fact that nonnamed class members may still challenge the adequacy of class representation in the instant suit by filing a separate lawsuit for that purpose in the district court.
 
 
 13
 We next address the request by DHA for appellate sanctions pursuant to Rule 38. In making this request, DHA points to what it perceives to be attacks by Baylor and Hogg on the consent decree which are frivolous and wholly devoid of merit. In ruling on the request by DHA, we note that the imposition of sanctions in civil rights actions could possibly result in the deterrence of the filing of future meritorious claims by civil rights plaintiffs. After reviewing the record we conclude that the instant appeal does not present facts sufficient to warrant the imposition of appellate sanctions. For this reason, the request for appellate sanctions is denied.
 
 
 14
 DISMISSED.
 
 
 
 [1]
 In concluding that individual, nonnamed class members do not have standing to appeal the final judgment in a class action, we recognize that two previous Fifth Circuit cases, United States v. Chagra, 701 F.2d 354 (5th Cir.1983), and Roper v. Consurve, Inc., 578 F.2d 1106 (5th Cir.1978), aff'd, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), have allowed individuals who are not named parties to the dispute to appeal. In Chagra, however, the Court was addressing the specific question of whether or not the media could appeal the granting of a criminal defendant's motion to close his bail hearing. Therefore, in Chagra, the policy considerations present in class action litigation were not at issue; thus, the unique situation in Chagra cannot serve as precedent in the instant case to allow individual, nonnamed class members to appeal a final judgment in a class action
 In Roper, the appellants were seeking to appeal the denial of a class certification. The appeal of an order denying certification of a class and the appeal of a final judgment in a class action are dissimilar; therefore the reasoning in Roper is not applicable to the instant case.