Tillie BAYLOR, et al.,
Plaintiffs–Appellants,

v.

The UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVEL-
OPMENT, et al., Defendants–Appellees.

No. 89–1880.

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1990.

C. Victor Lander, Dallas, Tex., for plaintiffs-appellants.

Jane E. Jackson, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., Jonathan Strong, U.S. Dept. of HUD, Washington, D.C., for defendants-appellees.

Joseph G. Werner, Haynes & Boone, Dallas, Tex., for Dallas Housing Authority.

Mark W. Pennak, Michael Jay Singer, Civil Div., Appellate Staff, Dept. of Justice, Washington, D.C., for HUD.

Before THORNBERRY, GEE, and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

Today's case presents the question whether unnamed class members may collaterally attack a consent decree by which they are bound because of a change in the law concerning the subject matter of the decree. Because the unnamed class members have failed to allege that their class representation was inadequate, they remain bound by their named class representatives. We therefore affirm the order of the district court dismissing the plaintiffs' action.

## I. Facts

In June of 1985, Debra Walker filed suit against the City of Mesquite, Texas, alleging that the city had failed to enter into a cooperation agreement with the Dallas Housing Authority ("DHA") in violation of 42 U.S.C. §§ 1981, 1982, 1983, and 3604. The suit was amended, adding several new plaintiffs and adding as well the Dallas Housing Authority ("DHA"), HUD and several suburban jurisdictions as defendants. The Walker plaintiffs alleged, on behalf of a putative class, that the defendants had established and maintained racial

discrimination in the provision of housing assistance programs in the Dallas area. Following substantial discovery and after a hearing before the district court, a consent decree was entered into. This requires, among other things, the renovation of 800–900 of West Dallas's 3,500 public housing units and the demolition of the remainder. Two unnamed members of the class, Tillie Baylor and Kenneth Hogg, appealed contesting the demolition provisions of the decree. Following briefing and oral argument, we held that unnamed class members lack standing to appeal the entry of a consent decree in a class action suit and dismissed the case for want of jurisdiction. *Walker v. City of Mesquite,* 858 F.2d 1071 (5th Cir.1988). In so holding, we indicated that the interests of dissenting unnamed class members could be protected either by intervening in the suit or by filing a separate suit "challenging the adequacy of class representation." *Id.* at 1074.

Shortly following the dismissal, Ms. Baylor and a number of other class members instituted this suit, seeking a temporary restraining order to enjoin HUD and DHA from demolishing certain units in the West Dallas public housing projects, specifically, George Loving Place and Edgar Ward Place. The plaintiffs' application did not challenge the adequacy of class representation. The plaintiffs contended that the demolition of these units would violate Section 415 of the 1987 appropriations bill, Department of Housing and Urban Development—Independent Agencies Appropriations Act, 1988, P.L. 100–202, 101 Stat. 1329–213 (1987) ("the Frost Amendment"). This amendment provides:

> None of the funds provided by this Act or any other Act for any fiscal year shall be used for demolishing George Loving Place, ... Edgar Ward Place, ... Elmer Scott Place, ... or Allen Parkway Village....

Among the projects specified in the Amendment are the buildings scheduled to be torn down under the consent decree in *Walker.* Although the units are still scheduled for demolition, HUD has denied DHA's request for federal funds to accomplish the demolition, citing the Frost Amendment as the reason.

The federal defendants in the present suit filed a motion for judgment on the pleadings. During the pendency of that motion, the district court entered an opinion in the *Walker* case construing the effect of the Frost Amendment (*Walker II*). The court found that, although the consent decree did not specifically bind HUD to fund the demolition of the units, the parties had the expectation that HUD would provide some of the funds required for demolition. Noting that the Frost Amendment would preclude HUD from providing these funds, the district court held the Frost Amendment to be "a blatant attempt by Congress to interfere with the ability of [the] Court to adjudicate a pending case" and held the amendment unconstitutional under the separation of powers doctrine. *Walker II,* at 21. That order is presently pending before us on appeal. *Walker v. Department of Housing and Urban Development,* No. 89–1914 (5th Cir.). The district court then dismissed the plaintiffs' application in the present case, relying on its ruling in *Walker II,* that the Frost Amendment was unconstitutional. 734 F.Supp. 1314.

## II. Discussion

### A. Notice of Appeal

■ The plaintiffs' notice of appeal in the present case identifies, in its caption and text, "Tillie Baylor, Et Al." as the plaintiffs appealing the judgment. Rule 3(c) of the Federal Rules of Appellate Procedure requires that "[t]he notice of appeal shall specify the party or parties taking the appeal...." The use of the word "Et Al" " 'utterly fails to provide' notice to the court and opposing party of the identity of the appellant or appellants." *Barnett v. Petro–Tex Chemical Corp.,* 893 F.2d 800, 804 (5th Cir.1990) (*quoting Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)). As strict compliance with rule 3(c) is a jurisdictional requirement, the notice of appeal in this case was effective only as to Tillie Baylor. *See Id.* at 805. We accordingly dismiss the

appeal as to all of the appellants except Ms. Baylor.[1]

## B. Collateral Attack

The district court based its dismissal of the present action upon its decision in *Walker II,* which had held the Frost Amendment to be an unconstitutional attempt to dictate a rule of decision in the *Walker* lawsuit. HUD, however, concurs with the appellant in her contention that the district court erred in holding the Frost Amendment unconstitutional. HUD and DHA maintain that the district court should have based its dismissal of the plaintiffs' lawsuit upon the ground that the suit was a collateral attack by an unnamed class member upon a consent decree by which the plaintiffs are bound. We agree.

The general principle of res judicata "treats a judgment on the merits as an absolute bar to relitigation between the parties and those in privity with them of every matter offered and received to sustain or defeat the claim or demand and to every matter which might have been received for that purpose." *Martino v. McDonald's System, Inc.,* 598 F.2d 1079, 1083 (7th Cir.), *cert. denied,* 444 U.S. 966, 100 S.Ct. 455, 62 L.Ed.2d 379 (1979) (citing *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)). A consent decree is a judicial order to which res judicata attached. *Id.; United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 n. 5 (3d Cir.1984); *I.A.M. Nat'l Pension Fund v. Indust. Gear Manuf. Co.,* 723 F.2d 944, 947 (D.C.Cir.1983). Although res judicata does not bar causes of action that arise after the judgment in the prior case, "[t]he passage of a new statute, although it may require the modification of the decree, does not alter the general principle that a consent decree bans a fresh lawsuit arising from the same dispute that underlay the litigation in which the decree was entered." *United States v. Fisher,* 864 F.2d 434, 439 (7th Cir.1988); *cf. Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 375, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940) (subsequent invalidation of the statute under which a decree was entered does not obviate the res judicata effect of the decree). Modification of a consent decree mandated by a change in the operative law should thus be addressed in the case in which the consent decree was entered.

If unnamed class members desire to participate directly in the modification of a consent decree, they may do so by intervening in the action, or through collateral attack if their interests were inadequately represented. *Walker,* 858 F.2d at 1074. The requirement of intervention or a showing of inadequate representation effectuates the purpose of class action suits: "to prevent piecemeal litigation—to avoid (i) a multiplicity of suits on common claims resulting in inconsistent adjudications and (ii) the difficulties in determining the res judicata effects of a judgment." *Donovan v. University of Texas at El Paso,* 643 F.2d 1201, 1206–07 (5th Cir.1981). We noted in *Walker,* " 'if each class member could appeal individually the litigation could become unwieldy,' unmanageable, and nonproductive." *Id.* (*quoting Guthrie v. Evans,* 815 F.2d 626, 629 (11th Cir.1987)). The purpose of class litigation would be no less frustrated by allowing unnamed class members to attack a consent decree collaterally than by allowing those members to appeal the entry of the decree individually. *See Walker,* 858 F.2d at 1074.

The wisdom in disallowing collateral attacks on a consent decree is demonstrated in this case. In accordance with its continuing oversight of the consent decree, the district court in *Walker II* considered the effect which the Frost Amendment would have on the consent decree and held the Amendment unconstitutional. The appeal from that decision is pending before us. *See Walker v. Department of Housing and Urban Development,* No. 89–1914 (5th Cir.). The disposition of Ms. Baylor's appeal on the merits here might moot the *Walker II* appeal, depriving the named class representatives of the opportunity to present their case fully to our court.

As the plaintiffs failed to allege that

---

1. We note that Ms. Baylor did not file a class action, nor is she a named plaintiff in the original suit. Thus, her appeal is not within the class representative exception to the "et al." rule. *See Rendon v. AT & T Technologies,* 883 F.2d 388, 398 n. 8 (5th Cir.1989).

they were inadequately represented by class counsel, dismissal of their suit was mandated. Because we affirm the dismissal of the plaintiffs' suit on the above grounds, we decline to address the Constitutional issue raised by the district court.

The order of the district court dismissing the lawsuit of the plaintiffs is

AFFIRMED.