**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**CONSOLIDATED CASES
SUMMARY CALENDAR**

In re: COMBUSTION, INC.

_____

No. 97-31040
_____


PLAINTIFFS' STEERING COMMITTEE,

Plaintiff-Appellee,

versus

ABC CORP., ET AL,

Defendants,

VICKIE GUNTER, as Administratrix for the Succession of
Mary M. Gunter; TAMMY SALTER, as representative for
John Salter,

Claimants-Appellants.

\* \* \* \*

_____

No. 97-31041
_____


PLAINTIFFS' STEERING COMMITTEE,

Plaintiff-Appellee,

versus

ABC CORP., ET AL.,

Defendants,

JOEL E. TALLEY; PATRICIA H. TALLEY; SARA E.
TALLEY, Minor,

Claimants-Appellants.

\* \* \* \*

_____

No. 97-31132

_____

PLAINTIFFS' STEERING COMMITTEE,

              Plaintiff-Appellee,

              versus

ABC CORP., ET AL.,

              Defendants,

DAVID H. SMITH; REBECCA G. SMITH; ELLEN S. BALLARD,

              Claimants-Appellants.

\*    \*    \*    \*

_____

No. 97-31138

_____

PLAINTIFFS' STEERING COMMITTEE,

              Plaintiff-Appellee,

              versus

ABC CORP., ET AL.,

              Defendants,

ROBERT W. THIBODAUX,

              Claimant-Appellant.

\*    \*    \*    \*

_____

No. 97-31139

_____

PLAINTIFFS' STEERING COMMITTEE,

              Plaintiff-Appellee,

              versus

ABC CORP., ET AL.,

              Defendants,

BENNIE T. VAIL,

              Claimant-Appellant.

2

\* \* \* \*

_____

No. 97-31206

_____

PLAINTIFFS' STEERING COMMITTEE,

Plaintiff-Appellee,

versus

ABC CORP., ET AL.,

Defendants,

KAREN VAIL HOLMES,

Claimant-Appellant.

\* \* \* \*

_____

No. 97-31340

_____

PLAINTIFFS' STEERING COMMITTEE,

Plaintiff-Appellee,

versus

JOEL E. TALLEY, on behalf of son MATTHEW B.
TALLEY,

Claimant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Louisiana
(94-MDL-4000)

_____

September 18, 1998

Before POLITZ, Chief Judge, EMILIO M. GARZA and DeMOSS, Circuit Judges.

3

POLITZ, Chief Judge:[*]

Appellants Mary M. Gunter, John Salter, Joel E. Talley, Patricia H. Talley, Matthew B. Talley (minor), Sara E. Talley (minor), David H. Smith, Rebecca G. Smith, Ellen S. Ballard, Robert W. Thibodaux, Bennie T. Vail, and Karen Vail Holmes appeal a judgment of the district court allocating damages in this case.[1]

This appeal arises out of a toxic tort class action involving a hazardous waste site located in Livingston Parish, Louisiana. The site served as an oil recycling center until 1980 and is now known as the Combustion, Inc. Superfund Site. Procedurally, this litigation is extremely complex and it has extended over an 11–year time span. Throughout this period, the district judge has done a fine job of managing this case and assuring that the claimants' interests were protected. To this end, the district judge appointed a special master to, *inter alia*, establish appropriate criteria to evaluate claims and to propose allocations of damages to be paid to the many class members. The amount of each class member's recovery was determined in part by placement in recovery categories established by the special master. A claimant's placement in a recovery category was determined after weighing numerous factors, including proximity to the site, severity of exposure, and extent of damages.

In their briefs, several of the appellants raise class-wide issues including the

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Mary M. Gunter and John Salter are represented herein by their succession representatives.

4

adequacy of class representation, the fairness of partial settlements with defendants, and the fixing of reserves in order to establish the Claimants' Fund. These class-wide issues were resolved by a series of final judgments rendered by the district court. These issues were not appealed by the attorneys representing the class representatives, they are not now appealable by appellants and, thus, are not properly before this court.[2]

Issues properly before this court include those related to the individual final judgments affirming award allocations determined by the special master. The appellants contend that they did not receive adequate compensation because they were placed in the wrong recovery category and they further claim that they were not given a full and fair hearing by the district judge. As noted *supra*, the district judge has done a laudable job in managing this massive litigation. After a close review of the record, we find no basis for the contention that the district judge erred or abused his discretion in his review of the special master's allocation of damages for any appellant.

After receipt of the special master's report recommending allocation of damage awards, the district court ordered that class members be given the opportunity to contest any finding made by the special master. Hearings before the special master resulted in upward adjustments totaling $1,917,496.[3] While the appellants understandably are upset that they were damaged by the pollutants left

---

[2] **Walker v. City of Mesquite**, 858 F.2d 1071 (5th Cir. 1988).

[3] In addition to these adjustments, corrections were also made for coding and distance errors totaling $2,825,334.

at the Combustion site, the district judge was faced with the difficult task of determining the proper distribution of limited funds.  Our review of the record, briefs, and the applicable law discloses neither error nor abuse of discretion in the allocations appealed.

The judgments appealed are AFFIRMED.