**Stephanie ODLE, on behalf of herself and all others similarly situated, et al; Plaintiffs,**

**Oralia Flores; Rosie Lujan; Alice Biscardi; Debbie Hayworth; Brenda Henderson; Linda McFadden; Margarita Murillo; Sandra Phelan, Intervenor Plaintiffs–Appellants,**

v.

**WAL–MART STORES, INCORPORATED, Defendant–Appellee.**

**No. 15–10571**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 16, 2015.

Hal K. Gillespie, Joseph Halcut Gillespie, Gillespie Sanford, L.L.P., Dallas, TX, Joseph M. Sellers, Cohen Milstein Sellers & Toll, P.L.L.C., Washington, DC, for Intervenor Plaintiff-Appellant.

Theodore J. Boutrous, Jr., Esq., Catherine Anne Conway, Esq., Los Angeles, CA, Rachel Susan Brass, San Francisco, CA, Karl G. Nelson, Dallas, TX, Mark Andrew Perry, Gibson, Dunn & Crutcher, L.L.P., Washington, DC, for Defendant–Appellee.

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM: *

This case involves allegations that Wal-Mart systematically discriminated against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

female employees in its Texas stores. Stephanie Odle and other named plaintiffs brought this lawsuit as a putative class action, but the district court dismissed their class allegations on statute of limitations grounds. The named plaintiffs eventually settled with Wal–Mart, and voluntarily dismissed their claims with prejudice. The district court entered final judgment on May 15, 2015. On June 2, 2015, Appellants—none of whom were named plaintiffs—moved in the district court to intervene for purposes of appealing the dismissal of the class allegations. Ten days later, Appellants filed a notice of appeal. The district court had not ruled on the motion to intervene when the notice of appeal was filed, and after that filing had no power to do so. *See Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 929 (5th Cir.1983) ("[T]he filing of a valid notice of appeal deprives the district court of jurisdiction to hear a motion to intervene."); 20 James W. Moore, et al., *Moore's Federal Practice* § 303.10[1][b][iv] (3d ed.) (noting that a putative intervenor's filing of a notice of appeal divests the district court of jurisdiction to act on a pending motion to intervene).

Unnamed members of a putative class may intervene after the entry of final judgment to appeal an earlier denial of class certification. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–96, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). A leading treatise states that when—as here—a would-be intervenor files a timely notice of appeal before the district court acts on a post-judgment motion to intervene, "the case may be remanded to the district court to allow the court to hear the motion." *Moore's Federal Practice, supra,*

§ 303.10[1][b][iv]. We followed that course in a similar case, dismissing an appeal filed by putative intervenors who intended to appeal a class decertification order and remanding so that the district court could consider the motion to intervene. *See Nichols v. Mobile Bd. of Realtors, Inc.*, 675 F.2d 671, 673 (5th Cir. Unit B 1982) (affirming after the district court granted the motion to intervene on remand and the intervenors filed a new notice of appeal); *see also Hobson v. Hansen*, 44 F.R.D. 18, 21 (D.D.C.1968) (noting that a sister circuit had remanded motions to intervene for hearing in district court). And the parties agree that it is proper to take the same action here.

Accordingly, this appeal is DISMISSED and the case is REMANDED to the district court to consider the motion to intervene.[1]

---

1. We express no opinion on the merits of the motion to intervene. A district court's denial of a motion to intervene is, of course, itself an appealable order. *Walker v. City of Mesquite*, 858 F.2d 1071, 1074 (5th Cir.1988); *see also McDonald*, 432 U.S. at 390, 97 S.Ct. 2464 (noting that would-be intervenors had appealed "the denial of intervention as well as the denial of class certification to the Court of Appeals").