967 F.2d 418
 23 Fed.R.Serv.3d 174
 Jouett Edgar ARNEY, Randall William Murphy, Plaintiffs-Appellants,
and
Leslie Keith Kimball, Rickey Ray Redford, Robert Demass,
Richard Snell, Thomas H. Porter, Dennie House, Robert
Francis Smith, Jr., Lyle C. Sanders, Donald E. Alexander,
Anthony R. Palocioz, Joseph F. Edwards, Plaintiffs,
v.
Joan FINNEY, Raymond Roberts, Gary Stotts, Defendants-Appellees.
Jouett Edgar ARNEY, Plaintiff-Appellant,
and
Leslie Keith Kimball, Rickey Ray Redford, Robert Demass,
Richard Snell, Thomas H. Porter, Dennie House, Robert
Francis Smith, Jr., Lyle C. Sanders, Donald E. Alexander,
Anthony R. Palocioz, Joseph F. Edwards, Randall William
Murphy, Plaintiffs,
v.
Joan FINNEY, Governor, Raymond Roberts, Gary Stotts,
Defendants-Appellees.
Rickey Ray REDFORD, Robert Demass, Richard Snell, Thomas H.
Porter, Dennie House, Robert Francis Smith, Jr.,
Lyle C. Sanders, Donald E. Alexander,
Anthony R. Palocioz, Joseph F.
Edwards, Plaintiffs,
and
Jouett Edgar Arney, Plaintiff-Appellant,
v.
Joan FINNEY, Governor, Leslie Keith Kimball, Raymond
Roberts, Defendants-Appellees.
 Nos. 91-3235, 91-3237 and 91-3295.
 United States Court of Appeals,
Tenth Circuit.
 June 18, 1992.
 
 Jouett E. Arney and Randall Murphy, plaintiffs-appellants, pro se.
 Robert T. Stephan, Atty. Gen., State of Kan., and Timothy G. Madden, Sp. Asst. Atty. Gen., Kansas Dept. of Corrections, Topeka, Kan., for defendants-appellees.
 Before MOORE, TACHA, and BRORBY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 These interlocutory appeals arise out of a class action suit involving the conditions at correctional facilities under the jurisdiction of the Kansas Department of Corrections. In appeals number 91-3235 and number 91-3237, appellants Jouett Arney and Randall Murphy raise three arguments. First, they challenge the district court's authority to reopen a final order under Fed.R.Civ.P. 54(b). Second, they argue that a federal district court has a duty to honor a "termination" of counsel motion that is filed by a majority of the plaintiff class. Third, appellants assert that the district court should have conducted a hearing to determine whether appointed counsel for the class should be terminated. Appellant Arney also appeals an order of the district court denying his motion to intervene. In appeal number 91-3295, Arney contends that the district court abused its discretion by denying a hearing on the application-petition for a contempt of court citation to enter against the Kansas Department of Corrections. Arney also asserts that the members of the class have a right to have their views presented individually or through class counsel. Because these are interlocutory appeals and because the district court certified only the issue of the denial of Arney's motion to intervene, we exercise jurisdiction under 28 U.S.C. § 1291 with respect to the intervention issue only and affirm. The other issues on appeal are dismissed.[1]
 
 BACKGROUND
 
 2
 A review of the district court record reveals the following. Jouett Arney initiated this action in 1977 pursuant to 42 U.S.C. §§ 1983, 1985 & 1988. Arney sought declaratory and injunctive relief to remedy allegedly unconstitutional conditions of confinement at the Kansas State Penitentiary, Lansing, Kansas (KSP). Arney contended that KSP was overcrowded and that the conditions jeopardized the inmates' health, safety and welfare. Similarly situated inmates filed six additional lawsuits, and these actions were consolidated with Arney's action in May, 1978. Defendants denied that any of the conditions at KSP violated the inmates' constitutional rights or applicable Kansas statutes. Defendants subsequently moved for summary judgment, and the district court denied their motion. The district court appointed counsel to represent the plaintiffs, and attorneys and legal interns from the Washburn University School of Law Legal Clinic and Legal Services for Prisoners, Inc. entered appearances.
 
 
 3
 Settlement negotiations ensued, and the parties entered into a consent decree that was filed with the district court and approved in May 1980. The decree provided a comprehensive plan whereby defendants would "make an active" and "good faith" effort to procure funds so that the conditions of confinement at KSP would not only meet constitutional and state standards, but also meet the standards for accreditation of the American Correctional Association. Pursuant to the consent decree, defendants agreed to renovate all cellhouses, make major improvements in the structures for sanitation and in health and fire safety, provide structured activities for inmates, secure adequate health care, achieve accreditation, and provide single cell occupancy or closely supervised multiple occupancy dormitories to the extent reasonably possible. The plaintiffs agreed to dismiss all claims for costs, damages and attorneys' fees upon compliance with the terms of the decree.
 
 
 4
 After the consent decree issued, plaintiffs filed a motion to find defendants in contempt of the decree and to reinstate damage claims. In support of their motion, plaintiffs claimed that defendants failed to comply with the conditions of the decree by the dates specified. The court denied plaintiffs' motion on June 16, 1982 because the consent decree did not require the conditions plaintiffs were seeking to enforce.
 
 
 5
 On May 28, 1986, plaintiffs notified the district court of their intention not to seek further enforcement of the decree pending an investigation by United States Department of Justice pursuant to the Civil Rights of Institutionalized Persons Act of 1980. Plaintiffs also gave the district court their view of defendants' noncompliance and the deterioration of conditions at KSP. In response, the Department of Corrections stated that it would continue its "good faith attempt to comply with the specific terms of the consent decree" and intended to continue providing plaintiffs with periodic reports.
 
 
 6
 On January 26, 1988, plaintiffs filed a motion to modify and enforce the consent decree. Plaintiffs claimed that defendants' alleged failure to comply with the terms of the consent decree violated constitutional standards against cruel and unusual punishment. They also urged that modification of the decree was needed to address the alleged constitutional violations with enforceable standards. The district court heard evidence regarding the conditions of confinement at prison facilities in Lansing and Hutchinson, Kansas. The district court then entered an order on April 13, 1989 designed to eliminate conditions of confinement at these facilities that violated the Constitution. After entry of the April 13, 1989 order, the district court entered a number of other orders related to the operation of other facilities in the State of Kansas.
 
 
 7
 On May 17, 1991, the district court entered an order significantly modifying its April 13, 1989 order over the protestations of some members of the plaintiff class. Arney v. Finney, 766 F.Supp. 934 (D.Kan.1991). In particular, certain members of the class claimed that the district court could not modify its April 13, 1989 order because that order was final and any modification of the order would violate res judicata principles. The district court disagreed and held that the doctrine of res judicata did not bar modification of the April 13, 1989 order. Id. at 937-38. In its order of May 17, 1991, the district court also granted appellant Arney's motion to withdraw as a class representative in the case and denied a number of other motions because they were not brought by counsel for the class. Id. at 940-41.
 
 
 8
 Both appellants Murphy and Arney--purportedly on behalf of the plaintiff class--moved to intervene in the action. The district court denied Arney's motion to intervene and held that only the denial of the motion to intervene was appropriate for immediate appeal as a collateral order. Porter v. Finney, 1991 WL 126724 (D.Kan. June 28, 1991). In an order entered on July 11, 1991, the district court added Murphy as a class representative.
 
 DISCUSSION
 
 9
 On appeal, Arney contends that the district court erred by denying his motion to intervene as a class representative.[2] Because Arney is representing himself, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). We have jurisdiction to hear this appeal because an absolute denial of intervention is a collateral order and, therefore, is appealable immediately. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377, 107 S.Ct. 1177, 1182, 94 L.Ed.2d 389 (1987) ("In Railroad Trainmen ... [the] order denying all intervention was by necessity subject to immediate review, because the applicant '[could] not appeal from any subsequent order or judgment in the proceeding.' ") (quoting and explaining the holding in Railroad Trainmen v. Brotherhood of Baltimore & Ohio R. Co., 331 U.S. 519, 524-25, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646 (1947)); see also Gerstle v. Continental Airlines, Inc., 466 F.2d 1374, 1377-78 (10th Cir.1972) (addressing and affirming district court's denial of permissive intervention).
 
 
 10
 This appeal does not involve a case of intervention of right under Fed.R.Civ.P. 24(a) because Arney's interests are adequately represented by the other class representatives, who also are challenging the conditions of the prison system. Instead, this appeal raises the question of whether Arney should be permitted to intervene under Rule 24(b). "[P]ermissive intervention is a matter within the sound discretion of the district court, and we will not disturb its order except upon a 'showing of clear abuse.' " United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir.1990) (quoting Shump v. Balka, 574 F.2d 1341, 1345 (10th Cir.1978)), cert. denied, --- U.S. ----, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). After reviewing the record of proceedings in this case, we cannot conclude that the district court abused its discretion in denying Arney's motion to intervene. Arney's intervention would only clutter the action unnecessarily--especially since Arney remains a member of the class and is similarly situated with other members of the class. Further, Arney's intervention would not aid the class in its attempt to correct allegedly unconstitutional conditions.
 
 
 11
 We now must address whether we have jurisdiction over appellants' remaining claims. Under 28 U.S.C. § 1291, this court only has jurisdiction over final orders of the district court in all but a few exceptional cases. In Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court crafted a common law exception to the final judgment rule. " 'To come within the "small class" of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal and from a final judgment.' " G.J.B. & Assoc., Inc. v. Singleton, 913 F.2d 824, 827-28 (10th Cir.1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). Thus, under the Cohen doctrine, "where the denial of immediate review does not render impossible any review whatsoever, i.e., where rights will not be irretrievably lost in the absence of an immediate appeal, collateral review is not available." In re Magic Circle Energy Corp., 889 F.2d 950, 954 (10th Cir.1989) (citations omitted).
 
 
 12
 We first address the appealability of the district court's determination that class counsel should not be "terminated." In Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court addressed whether a motion to disqualify opposing counsel was appealable as a final order under § 1291. In Firestone, the defendant filed a motion to disqualify plaintiffs' counsel due to an alleged conflict of interest. The district court denied the motion and the defendant appealed immediately. The Court held that an order denying a motion to disqualify was not an appealable final decision under § 1291 because it fails to meet the "collateral order" exception to the final judgment rule established in Cohen. Id. at 375-76, 101 S.Ct. at 674. The Court held that such an order fails to meet the third prong for the Cohen test, requiring that the interlocutory order be "effectively unreviewable on appeal from a final judgment." Id. at 376, 101 S.Ct. at 674. The Court explained that "[t]he propriety of the district court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment." Id. at 377, 101 S.Ct. at 675. Applying this rationale, we conclude that the district court's denial of appellants' claim that class counsel should be removed due to a conflict of interest is not appealable as a final order.
 
 
 13
 Turning to appellants' remaining arguments, we also conclude that these issues are not appealable under § 1291. In addition to challenging the district court's denial of intervention and decision not to terminate class counsel, appellants challenge the district court's (1) decision to reopen a final order under Fed.R.Civ.P. 54(b), (2) denial of a hearing on the adequacy of class counsel, (3) denial of a hearing on the application for a contempt of court citation to be entered against the Kansas Department of Corrections, and (4) decision not to permit the class members to have their views presented individually or through class counsel. None of these claims involve a final order of the district court. Further, these issues do not satisfy the exception to the final order requirement as expressed in Cohen and Coopers & Lybrand. Denial of immediate review of these issues does not render them unreviewable at a later stage. Moreover, denial of review at this stage will not cause appellants an irretrievable loss of their rights. Each of these issues can be addressed after the district court issues a final order in this ongoing class action. Thus, we do not have jurisdiction under § 1291 to hear these appeals.
 
 
 14
 Accordingly, the district court's order denying intervention, appeal number 91-3235, is AFFIRMED. Appeal number 91-3237 and appeal number 91-3295 are DISMISSED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 On appeal, Murphy also contends that he was improperly denied the right to intervene as a class representative. Because the district court later added Murphy as a class representative, the issue is moot