993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew WALKER, Plaintiff-Appellant,
v.
UNITED STATES of America; E.J. Gullegos, S.I.S.,
Defendants-Appellees.
 No. 92-3285.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. Plaintiff's request to proceed in forma pauperis is granted.
 
 
 2
 On December 16, 1988, an inmate at the United States Penitentiary in Leavenworth, Kansas, was assaulted. Prison staff initiated a "lockdown" of the facility, and an investigation into the incident was conducted. The evidence suggested the assault was committed by the Plaintiff, and as a result, he was placed in administrative segregation. Plaintiff's cell was thoroughly examined and his property was removed and placed into storage.
 
 
 3
 Plaintiff's property was not inventoried at the time it was removed from his cell, apparently in violation of prison regulations. When it was inventoried five days later in Plaintiff's presence as is required, he reported several items missing: a soft back dictionary, earphones, cigarettes, a writing pad, two pens, a pair of gloves, two jars of honey, and thermal underwear. He also alleged that a pair of tennis shoes and a radio had been damaged.
 
 
 4
 Plaintiff brought this pro se action against the United States and prison staff involved in the seizure of his property. Read broadly, Plaintiff's complaint states both a Bivens claim and a claim under the Federal Tort Claims Act (FTCA).
 
 
 5
 The government moved for summary judgment, asserting a subsequent inventory indicated most of the lost property had been accounted for. The government also asserted that the radio was already damaged at the time of the incident and that the tennis shoes were damaged pursuant to a search for a weapon after a search of Plaintiff's boots demonstrated a shank had been hidden beneath the insoles. The government also asserted that the honey had been disposed of because it was leaking onto Plaintiff's other belongings. In making these assertions, the government relied on the affidavits of prison staff and property inventory forms.
 
 
 6
 The district court apparently accepted the evidence offered by the government and granted summary judgment. This appeal followed. As to the Bivens claim, the district court concluded Plaintiff's affidavit did not sufficiently allege the personal involvement of Defendant Gullegos. Regarding the claims under the FTCA, the court apparently determined there was no genuine issue of material fact and that the Plaintiff's claims were de minimus.
 
 
 7
 In determining whether a genuine issue of material fact exists, "[t]he evidence of a non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Moreover, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, ... on a motion for summary judgment...." Id. In addition, a pro se litigant's papers are to be construed liberally. See, e.g., Arney v. Finney, 967 F.2d 418, 421 (10th Cir.1992).
 
 
 8
 In this case, Plaintiff filed an affidavit directly challenging the affidavits and prison documents relied upon by the government. Under these circumstances, it was inappropriate for the district court to choose to rely on the evidence proffered by the government as a basis for granting summary judgment on Plaintiff's FTCA claims. Neither the record nor the procedural posture of this case would support a conclusion that the district court based its decision on any deference to the decision of an administrative proceeding. We agree that Plaintiff has failed to demonstrate a material issue of fact exists with regard to his Bivens claim against Defendant Gullegos.
 
 
 9
 We AFFIRM the grant of summary judgment in favor of Defendant Gullegos, and we REVERSE the grant of summary judgment in favor of the United States. The matter is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3