993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby BATTLE, et al., Plaintiffs-Appellees,
UNITED STATES of America, Plaintiff-Intervenor,
v.
Park ANDERSON, et al., Defendants-Appellees,
and
Simon TOPPAH, Applicant-in-Intervention-Appellant.
Bobby BATTLE, et al., Plaintiffs-Appellees,
UNITED STATES of America, Plaintiff-Intervenor,
v.
Park ANDERSON, and his successor, et al., Defendants-Appellees,
and
Jean L'AQUARIUS, Applicant-in-Intervention-Appellant.
 Nos. 92-7086, 92-7101.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 ORDER AND JUDGMENT**
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Applicants-in-intervention, Simon Toppah and Jean L'Aquarius, appeal from the district court's orders denying their applications to intervene in the Battle v. Anderson class action.[1] See Battle v. Anderson, 376 F.Supp. 402 (E.D.Okla.1974). Upon review, we affirm as to Toppah and reverse and remand as to L'Aquarius.
 
 No. 92-7086
 
 3
 Defendants have filed a motion to dismiss this appeal as untimely. On April 23, 1992, the district court denied Toppah's application to intervene. On May 5, 1992, Toppah served a motion to reconsider.[2] This motion was served within ten days of the entry of the district court's order, see Fed.R.Civ.P. 6(a) (when period of time to perform a prescribed act is less than eleven days, intermediate weekends and holidays shall be excluded in computation); Fed.R.Civ.P. 6(e) (when party must perform act within prescribed period and notice is served upon party by mail, three days shall be added to prescribed period), and tolled the time for taking an appeal, see Fed.R.App.P. 4(a)(4); see also Skagerberg v. Oklahoma, 797 F.2d 881, 883 (10th Cir.1986).
 
 
 4
 The district court denied Toppah's motion for reconsideration on May 18, 1992. Toppah filed his notice of appeal May 29, 1992. Therefore, the notice of appeal was timely and we have jurisdiction to address the merits of this appeal.
 
 
 5
 Permissive intervention is a matter within the district court's discretion and we review its order on that issue only for abuse of that discretion. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir.1990), cert. denied, 111 S.Ct. 799 (1991). Toppah has failed to show us that the district court abused its discretion in denying his motion to intervene.
 
 No. 92-7101
 
 6
 L'Aquarius sought to intervene in Battle in order to have a jury trial on the issue of damages. He alleged defendants' violations of his First Amendment rights have continued unabated.
 
 
 7
 In 1972, L'Aquarius filed a petition for a writ of habeas corpus. In addition to alleging claims for habeas relief, L'Aquarius alleged prison officials had violated his First Amendment right to freedom of religion by not allowing him to have long hair and a beard, not providing him a diet compatible with his beliefs, and not allowing him to worship with fellow believers. He also alleged he was unconstitutionally subjected to the use of mace and tear gas, was not given adequate medical attention, and was forced to work without compensation.
 
 
 8
 The court did not consolidate this action with Battle, which was commenced at the same time. Instead, the court, finding that L'Aquarius' constitutional rights had been violated, incorporated the Battle decree by reference, and held the remedies ordered in Battle would afford L'Aquarius the necessary relief.
 
 
 9
 In this latest pleading, L'Aquarius seeks money damages because he has not obtained relief as ordered in his original action. The district court dismissed the pleading holding that L'Aquarius had raised non-Battle issues and, therefore, had to proceed in a separate action.
 
 
 10
 An individual inmate may not file a separate action "for injunctive and equitable relief from alleged unconstitutional prison conditions ... where there is an existing class action." McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991). However, class members may bring individual suits when they seek equitable relief for claims not being litigated within the class action or when they seek money damages. Id. at 1166 n. 4.
 
 
 11
 Because L'Aquarius is requesting money damages, we agree he must proceed in a separate action. However, L'Aquarius is proceeding pro se and, therefore, his pleadings should be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). So construed, L'Aquarius' "motion" is sufficient to be denominated a complaint. See Fed.R.Civ.P. 8(f) (pleadings shall be construed to do substantial justice). L'Aquarius has complied sufficiently with Rule 8(a). The court's jurisdiction is clear, he stated his claims, and demanded judgment in terms of money damages. We, therefore, reverse the district court's order and remand this action with directions to file this pleading as a complaint in a separately numbered action. The district court should then proceed with this action in accordance with law.
 
 
 12
 We note that L'Aquarius identified the defendants only in the body of his pleading. The court may wish to consider allowing L'Aquarius to amend his complaint to also name each defendant in the caption. See Fed.R.Civ.P. 10(a) (caption shall include names of all parties); cf. Barsten v. Department of Interior, 896 F.2d 422, 423 (9th Cir.1990) (proper defendant is named if allegations in body of complaint make it clear the party is intended as defendant); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1321 (1990) (defective caption is merely formal error and should never be viewed as fatal defect).
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma in No. 92-7086 is AFFIRMED. The judgment of the United States District Court for the Eastern District of Oklahoma in No. 92-7101 is REVERSED, and the case is REMANDED for further proceedings in accordance with this order and judgment.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court's denial of an application to intervene is a collateral order which is immediately appealable. See Arney v. Finney, 967 F.2d 418, 421 (10th Cir.1992)
 
 
 [2]
 Although the motion was filed May 15, 1992, the date on the certificate of service is May 5, 1992. We deem the date on the certificate of service to be the date of service absent evidence to the contrary. See Fed.R.Civ.P. 59 (time computed from date of service of motion); Chesson v. Jaquez, 986 F.2d 363, 365 (10th Cir.1993). No such evidence is present here