EDITH H. JONES, Circuit Judge,
dissenting:
With due respect to my colleagues, this Court does not have jurisdiction to review the interlocutory order denying substitution of counsel simply because it was entered contemporaneously with the no-contact order. We should be bound by the Tenth Circuit’s decision, following Su *232 preme Court precedent, that it lacked jurisdiction in a case on point. The majority’s approach can only be viewed as an ill-conceived exercise of the dubious doctrine of pendent appellate jurisdiction.
The Tenth Circuit held that it lacked jurisdiction to review a termination of counsel motion in a case strikingly similar to this one. In Arney v. Finney, 967 F.2d 418, 422 (10th Cir.1992), prisoners brought a class action challenging prison conditions. Class counsel was appointed and the district court entered a consent decree. When some prisoners became dissatisfied with the enforcement of and modifications to the consent decree, they sought to intervene and replace counsel. A majority of the class members supported the motion, but the district court denied it. See Arney, 967 F.2d at 420-21.
The appeals court held that even though it could review the order denying intervention of class members, it did not have jurisdiction to consider the motion to terminate counsel. It applied the Supreme Court’s decision in Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), holding that an order denying disqualification of counsel is not appealable. See also Shakman v. Democratic Org. of Cook County, 919 F.2d 455, 459 (7th Cir.1990) (under Firestone, an order denying substitution of counsel is not appealable).
This case is substantively identical to Amey. It is a prisoner class action suit. There is an existing consent decree. The intervenors are situated identically with the rest of the class. A majority of the class have signed a petition to substitute counsel. The district court has denied a motion to intervene and substitute counsel. The jurisdictional ruling in Amey should control this case.
The majority overlooks Amey and asserts that we have jurisdiction because the district court enforced its substitution of counsel order with a no-contact order against the ACLU, a non-party. The majority avoids the term pendent appellate jurisdiction (“PAJ”), but that is what they are exercising. The theory of pendent appellate jurisdiction is that an appellate court may, on review of an appealable interlocutory order, also assume jurisdiction over an otherwise non-appealable order. See Swint v. Chambers County Comm., 514 U.S. 35, 44 n. 2, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995) (citing as an example of PAJ a case where the Ninth Circuit reviewed a nonappealable claim along with a preliminary injunction, see TransWorld Airlines, Inc. v. American Coupon Exchange, Inc., 913 F.2d 676 (9th Cir.1990)); Law v. NCAA, 134 F.3d 1025, 1028 (10th Cir.1998) (using PAJ analysis to decide what claims are reviewable with an injunction); Chambers v. Ohio Dept. of Human Svcs., 145 F.3d 793, 797 (6th Cir.1998) (same); California v. Campbell, 138 F.3d 772, 778 (9th Cir.1998) (same).
I believe that in the unlikely event that pendent appellate jurisdiction continues to exist at all, the interlocutory denial of substitution of counsel may not be appealed on the coat-tails of the no-contact order.
The Supreme Court cast considerable doubt on PAJ in Swint. In that case, the Eleventh Circuit claimed that it had discretion to review nonappealable issues with a collateral order. The Supreme Court reversed, observing that Congress carefully limited the scope of interlocutory review and established specific procedures to determine when appeals courts can review an interlocutory order. See id. at 46-48, 115 S.Ct. 1203. It questioned whether federal appeals courts can circumvent congressional intent by expanding appellate review through PAJ. See id. at 46-47, 115 S.Ct. 1203. The Court did not conclusively decide “whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related [nonappealable] rulings.” It did hold that the Eleventh Circuit abused discretion by applying PAJ where the appeal-able order and the nonappealable order were not inextricably intertwined.
*233 In the aftermath of Swint, courts have been hesitant to exercise PAJ. Chief Judge Posner has observed that PAJ “hangs by a thread.” See In re Rimsat, Ltd., 98 F.3d 956, 964 (7th Cir.1996) (avoiding PAJ and finding appellate jurisdiction through another doctrine). This Court has described PAJ after Swint as “uncharted terrain.” See Cantu v. Rocha, 77 F.3d 795, 805 (5th Cir.1996) (finding no compelling reason to navigate the wilderness). We exercise it “only in rare and unique circumstances.” Gros v. City of Grand Prairie, 209 F.3d 431, 436 (5th Cir.2000) (finding no unique circumstances). By looking only to pre-Swint authority to justify its jurisdiction, the majority fails to recognize that appellate courts can no longer freely consider all aspects of an injunctive order.
Swint establishes that, at best, this Court might be able to review the order denying substitution of counsel if it is inextricably intertwined with the no-contact order, but a common basis of operative fact does not alone satisfy that standard.
This Court has suggested that if an appeals court can resolve appealable orders separately from the nonappealable orders, the orders are not inextricably intertwined. See Gros, 209 F.3d at 437 (finding that a qualified immunity claim was not inextricably intertwined with non-immunity claims because the claims had “unique elements and relevant facts.”).
Other circuits agree that claims are inextricably intertwined only if “the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal.” Law v. NCAA, 134 F.3d 1025, 1028 (10th Cir.1998) (finding claims inextricably intertwined in a PAJ claim based on a permanent injunction). See also Chambers v. Ohio Dept. of Human Svcs., 145 F.3d 793, 797 (6th Cir.1998) (same). “Given the Supreme Court’s criticism of pendent appellate jurisdiction, the Court’s ‘inextricably intertwined’ exception should be narrowly construed.” California v. Campbell, 138 F.3d 772, 778 (9th Cir.1998) (holding that it could easily address the appealable claim without discussing the nonappealable claim).
Here, the elements of the constitutional claim challenging the no-contact order are distinct from the elements of the substitution of counsel challenge. First, different parties are involved: ACLU alone is aggrieved by the no-contact order, while the denial of substitution order bears only on the prisoners. Second, the constitutionality of the no-contact order is entirely unrelated to the merits of the class attorney’s performance. This Court could easily lift the no-contact order while leaving the substitution of counsel order intact. Thus, the orders are not inextricably intertwined and PAJ, even if it has vitality, is inappropriate.[1]
The majority’s unarticulated premise for assuming jurisdiction seems to be that appellate requirements may have to be relaxed in a post-judgment context. In other words, how could any order denying substitution of counsel in institutional litigation governed by a consent decree ever become final for appeal? The Tenth Circuit affords one answer. In a prison conditions case, it granted mandamus relief requiring the district court to consider a pro se prisoner’s challenge to the application of the decree that class counsel had *234 refused to review. See McNeil v. Guthrie, 945 F.2d 1163 (10th Cir.1991). Mandamus relief may thus be available where an order is not otherwise reviewable on appeal.
If we did have jurisdiction' over this appeal, I would be hard put to subscribe to the majority’s appellate factfindings on Welch’s performance as class counsel, much less to hold the magistrate judge’s decision an abuse of discretion.[2] Each of the “facts” that the majority finds concerning Welch’s alleged nonfeasance and conflicts was vigorously contradicted by Welch’s declarations and evidence or was placed by his responses in a context that exonerated him from the dissident prisoners’ complaints.[3] The district court implicitly credited Welch’s version of events, yet the majority discredits Welch without demonstrating clear error. I would have deferred to the trial court’s credibility calls. At least, the majority should have remanded for a hearing, in light of the perfunctory trial court ruling, to permit Welch to confront his accusers before the panel majority required the unusual and reputation-damaging remedy of counsel substitution.
The majority’s jurisdictional error and their rush to overturn the district court’s discretionary decision carry unfortunate implications in many ongoing prison conditions cases. This decision will encourage dissident prisoner groups to second-guess class counsel and seek separate representation, effectively harassing class counsel and wasting precious public resources on tangential issues. Properly applied standards of appellate jurisdiction would eliminate this problem. I respectfully dissent.

. The majority might have suggested that PAJ would exist because the orders denying intervention of new class representatives and the denial of counsel substitution are “intertwined.’' This conclusion would fail for two reasons. First, the prisoners seek only permissive intervention (F.R.A.P. 24(b)), since their interests are not adverse to but cumulative of the present class representatives. See Edwards v. City of Houston, 78 F.3d 983 (5th Cir.1996) ("The applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption [of adequate representation]”). Appellate jurisdiction exists over the denial of permissive intervention only if the district court abused discretion. See id. at 992, in denying such relief. Second, the current class representatives are appealing the order denying substitution; tacking that order onto the intervention order for PAJ is a meaningless exercise.

. When brought up on appeal as part of a final judgment, denials of motions to substitute class counsel are reviewed for abuse of discretion. Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157, 1178 (5th Cir.1978). The majority opinion is needlessly ambiguous on this point.

. The majority faults Welch for revealing to the court some of his letters to and from the class representatives during the dispute over substitution. Welch points out, however, that the class representatives had themselves waived confidentiality by delivering this same correspondence to the ACLU.