FILED
United States Court of Appeals
Tenth Circuit

January 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEPHEN CRAIG BURNETT,

     Plaintiff - Appellant,

v.

KATHY MILLER; RAYMOND
LARIMER; NANCY COLPETZER;
MARK REIHELD,

     Defendants – Appellees.

No. 12-7066
(D.C. No. 6:12-CV-00158-RAW-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

---

Stephen Burnett, an Oklahoma state prisoner appearing pro se,[1] seeks to appeal the

district court's dismissal of his 28 U.S.C. § 1915(a) motion to proceed *in forma pauperis*

("*ifp*") in a civil rights action filed against prison officials regarding his medical care. We

---

[*] After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Burnett is proceeding pro se, we construe his pleadings liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *Id.*

conclude that we lack jurisdiction to review the *ifp* denial and dismiss this appeal.

The district court denied leave to proceed *ifp* on the ground that Mr. Burnett had accumulated three "strikes" under 28 U.S.C. § 1915(g). This provision strips prisoners of the right to proceed *ifp* if the prisoner has previously filed three or more actions while incarcerated that were dismissed as "frivolous, malicious, or [for failure to] state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Burnett appeals, challenging whether the cases cited by the district court were truly strikes under § 1915(g).

Title 28 U.S.C. § 1291 grants this court jurisdiction only over final decisions of a district court. "A final decision is typically one by which a district court disassociates itself from a case." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 604-05 (2009) (quotations omitted). Although the denial of a motion to proceed *ifp* is not a final decision in the traditional sense, it is often appealable as a collateral order under the *Cohen* doctrine. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005); *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949). *Cohen* held that appellate jurisdiction is appropriate for collateral rulings that are final in a practical, if not a technical, sense. 337 U.S. at 545-46.

The *Cohen* collateral order doctrine applies in only a "small class" of cases. *Id.* at 546. The doctrine "must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk*, 130 S. Ct. at 605 (quotations omitted). For an appellate court to review a

collateral order under *Cohen*, "the challenged order must constitute a complete, formal, and in the trial court, final rejection of a claimed right where denial of immediate review would render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981) (citations omitted) (quotations omitted).

In *Lister*, this court explained that most denials of *ifp* motions fall under *Cohen* because "[i]f a truly indigent claimant is not granted [*ifp*] status, [he] is barred from proceeding at all in district court." 408 F.3d at 1311. But the present case does not meet this description. The record reflects that the $350 district court filing fee has now been paid in full and that Mr. Burnett's civil rights action is proceeding in district court. The denial of the *ifp* motion has therefore not "barred [Mr. Burnett] from proceeding at all in district court." *See id*. As such, it does not fall under the *Cohen* doctrine, and we lack jurisdiction to review it as a collateral order.

We therefore dismiss this appeal for want of jurisdiction. Mr. Burnett's request to proceed *ifp* on appeal is denied, and the remaining balance of the filing fee is due immediately, payable to the District Court.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-3-