FILED
United States Court of Appeals
Tenth Circuit

May 16, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDREW JOHN YELLOWBEAR, JR.,

    Plaintiff - Appellant,

v.

SETH NORRIS, Captain, Wyoming
Medium Correctional Institution,
individually and in his official capacity;
CURTIS MOFFAT; MICHAEL
MCMANIS; CHERYL BECKER;
CASEWORKER MCMANIS;
SERGEANT FARRELL; JULIE
TENANT-CAINE; SERGEANT M.
MCCLAIN; RUBY ZIEGLER; DANIEL
SHANNON; DONALD W. TAYSON,
individually,

    Defendants - Appellees.

No. 16-8125
(D.C. No. 2:16-CV-00153-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Andrew John Yellowbear, Jr., a pro se Wyoming inmate, appeals the district court's revocation of his *in forma pauperis* (IFP) status and three other adverse rulings.[1] Defendants move to dismiss the appeal, asserting we lack jurisdiction to consider the challenged rulings because none constitute final appealable orders. We agree with defendants and grant the motion to dismiss for want of jurisdiction.

I

Mr. Yellowbear filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional and statutory rights. He moved to proceed IFP, averring that the only income he had received during the previous twelve months was $40 per month from the Department of Interior. To substantiate his claimed indigence, Mr. Yellowbear attached a copy of his inmate trust fund account statement from December 1, 2015, through May 26, 2016, reflecting an ending balance of $97.72. Based on this information, the district court granted his request to proceed IFP.

Defendants subsequently moved to dismiss, claiming Mr. Yellowbear's allegation of poverty was untrue. They pointed out that on August 24, 2015, he received a deposit in his account for $17,483.30 and misrepresented total income of over $19,000 during the previous twelve months. Mr. Yellowbear responded that he was indigent when he sought IFP status and 28 U.S.C. § 1915(a)(2) states that courts should only consider the previous six months of an inmate's finances, not twelve months. Additionally, Mr. Yellowbear

---

[1] We afford Mr. Yellowbear's pro se materials a solicitous construction but do not advocate on his behalf. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

asserted the money was not income, but rather probate funds derived from oil and gas royalties payable to certain Indian tribe members. He argued that under federal law, these distributions are exempt from any lien or claim. Defendants filed a reply, and Mr. Yellowbear moved to file a sur-reply. He also requested a hearing on the motion to dismiss and moved to set a deadline for any potential intervention.

These proceedings resulted in four adverse rulings, which Mr. Yellowbear seeks to challenge on appeal. First, the court denied him leave to file a sur-reply. Second, a magistrate judge denied his motion to set a deadline for intervention. Third, the district court denied defendants' motion to dismiss the suit. Although the court recognized that 28 U.S.C. § 1915(e)(2)(A) requires a court to "dismiss the case at any time if [it] determines that . . . the allegation of poverty is untrue," the court held that dismissal with prejudice was too severe a sanction for Mr. Yellowbear's misrepresentation. Nevertheless, the court ruled that Mr. Yellowbear should have disclosed his receipt of the funds and argued that he still qualified for IFP status. The court therefore directed Mr. Yellowbear to pay the required filing fee by December 5, 2016 or have his suit dismissed with prejudice. Finally, in the same order, the court denied his request for a hearing as moot. Mr. Yellowbear designated these rulings in his notice of appeal.

To date, Mr. Yellowbear has not paid the district court filing fee, but neither has the court dismissed the suit. There is also an outstanding motion for partial summary judgment pending in the district court. Given this posture, defendants have moved to dismiss this appeal, arguing there is no final order before this court and Mr. Yellowbear is not barred from proceeding in the district court. They say the district court simply

3

revoked Mr. Yellowbear's IFP status and directed him to pay his filing fee. Defendants assert he could pay the fee and then, if the court were to dismiss the action, challenge both the dismissal and revocation of IFP on direct appeal.[2] For his part, Mr. Yellowbear construes the order revoking IFP as an order denying IFP, which he points out is usually an immediately appealable collateral order. Similarly, he asserts the other contested rulings also are appealable collateral orders.

## II

Courts of appeals have jurisdiction to review final decisions of the district courts. *See* 28 U.S.C. § 1291. Although the denial of a motion to proceed IFP is not a final order, it is immediately appealable under the *Cohen* doctrine. *See Roberts v. United States Dist. Court*, 339 U.S. 844, 845 (1950) (per curiam) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310-11 (10th Cir. 2005). "If a truly indigent claimant is not granted IFP status, she is barred from proceeding at all in the district court." *Lister*, 408 F.3d at 1311. In this way, the denial of IFP "constitute[s] a complete, formal, and in the trial court, final rejection of a claimed right where denial of immediate review would render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981) (citation and internal quotation marks omitted).

---

[2] Alternatively, defendants argue in their merits brief that the IFP issue is moot because Mr. Yellowbear has accrued three strikes under 28 U.S.C. § 1915(g). We do not reach this alternative jurisdictional issue and decide this appeal solely on finality grounds. *Cf. D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) ("We may address jurisdictional issues in any order we find convenient.").

We have recognized, however, that where the denial of IFP does not bar a claimant from proceeding in the district court, the order does not fall under the *Cohen* doctrine. *See Burnett v. Miller*, 507 F. App'x 796, 798 (10th Cir. 2013) (unpublished).[3] In *Burnett*, the district court denied IFP because the inmate had accrued three strikes under 28 U.S.C. § 1915(g). *See* 507 F. App'x at 797. The inmate appealed the denial of IFP, but paid the district court filing fee before that court dismissed his case. *Id.* at 798. We dismissed the appeal because the order denying IFP did not "bar[] [the inmate] from proceeding at all in the district court." *Id.*

Mr. Yellowbear is in a similar situation here. Although he has not paid the district court filing fee, the court has not dismissed his case and it remains pending. Moreover, regardless of whether the oil and gas distributions are exempt or whether the district court should have looked beyond the preceding six months prescribed by § 1915(a)(2) (both of which are merits issues that we do not consider), Mr. Yellowbear does not deny that he received the funds and does not contend that he cannot pay the necessary fees. Therefore, he is not "barred from proceeding at all in district court." *Lister*, 408 F.3d at 1311. Presumably, if and when the district court dismisses the suit for failure to pay the filing fee—or even if Mr. Yellowbear cannot pay the fee and as a result the court dismisses the action—he will then be able to take an appeal to this court from the

---

[3] Although unpublished orders are generally non-binding, except under the doctrines of law of the case, res judicata, and collateral estoppel, they "may be relied on for the purpose of disposing of the issue presented if it has persuasive value with respect to a material issue in a case and would assist the court in its disposition." *United States v. Engles*, 779 F.3d 1161, 1162 n.1 (10th Cir. 2015); *see* 10th Cir. R. 32.1(A).

dismissal order. But we need not speculate on those possibilities because at present the case continues in the district court and Mr. Yellowbear has not been precluded from obtaining any review whatsoever. *See Arney v. Finney*, 967 F.2d 418, 422 (10th Cir. 1992) ("[U]nder the *Cohen* doctrine, where the denial of immediate review does not render impossible any review whatsoever, i.e., where rights will not be irretrievably lost in the absence of an immediate appeal, collateral review is not available." (internal quotation marks omitted)).

The other contested rulings also lack finality. The denial of a hearing on the motion to dismiss was not a final order. *See id.* Nor was the order denying leave to file a sur-reply. *See Smith ex rel. Thomas v. United States*, 340 F. App'x 918, 919 (4th Cir. 2009) (per curiam) (unpublished). This leaves the magistrate judge's order denying the motion to set a deadline for potential intervenors. A magistrate judge's jurisdiction is prescribed by statute, *see* 28 U.S.C. § 636, and absent consent of the parties, *id.* § 636(c)(1), the district court may designate a magistrate judge to consider certain dispositive or non-dispositive matters, *id.* § 636(b). *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

> [A] magistrate judge's authority with respect to each category is different: Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations as to those matters if a party objects to the magistrate's recommendations. *Id.* § 636(b)(1)(B), (C).

6

*Id.* (internal quotation marks omitted).  "[A] magistrate [judge] is not authorized to render final appealable decisions within the meaning of 28 U.S.C. § 1291, absent both designation by the district court and consent of the parties under 28 U.S.C. § 636(c)," *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989).  Here, the magistrate judge rendered a non-dispositive order denying Mr. Yellowbear's motion to set a deadline for intervention.  This was not a final appealable order, and it provided no basis for our appellate jurisdiction.  Absent a proper basis for exercising jurisdiction, we must dismiss this appeal.

III

Accordingly, we grant the motion to dismiss.  This appeal is dismissed for lack of jurisdiction.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge