892 F.2d 196
 15 Fed.R.Serv.3d 468
 Frank FOE and Walter Woe, (a pseudonym), by his mother and
guardian, Wilma Woe (a pseudonym), on behalf of
themselves and all others similarly
situated, Plaintiffs-Appellants,
v.
Mario CUOMO, individually and as Governor of the State of
New York; Lawrence Kolb, M.D., individually and as
Commissioner of Department of Mental Hygiene of the State of
New York; Morton B. Wallach, M.D., individually and as
Director of Brooklyn State Hospital; and the State of New
York, Defendants-Appellees.
 Nos. 514, 515, Dockets 88-9075, 89-7037.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 11, 1989.
Decided Dec. 15, 1989.
 
 Morton Birnbaum, Brooklyn (George D. Garofallou, New York City, Mark Greenfest, Roslyn Heights, Burton Zuckerman, New York City, of counsel), for plaintiffs-appellants.
 Michael S. Lottman, East Hartford, Conn. (Murray B. Schneps, Scheinberg, Schneps, DePetris and DePetris, Riverhead, of counsel), for plaintiffs-appellees.
 Arnold D. Fleischer, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., of the State of New York, O. Peter Sherwood, Sol. Gen., New York City, of counsel), for defendants-appellees.
 Before TIMBERS, PIERCE, and MINER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dr. Morton Birnbaum, Esq., and Burton Zuckerman, Esq., have brought this appeal on behalf of members of a class of persons between the ages of 21 and 65 who are involuntarily civilly committed in the Bronx Psychiatric Center (the "BPC"). Appellants challenge an order of the United States District Court for the Eastern District of New York (Bartels, Judge ) approving the settlement of this action insofar as it related to the BPC. See Foe v. Cuomo, 700 F.Supp. 107 (E.D.N.Y.1988). Birnbaum and Zuckerman served as class counsel for a number of years in this lengthy class action litigation. They purport, on behalf of appellants, to appeal from orders in which Judge Bartels found that they had withdrawn from their representation of the plaintiff class and barred them from intervening in the action on behalf of Wilma Woe, the mother of the original, now-deceased, lead plaintiff, and T.C.L., the mother of R.L., a patient at the BPC.
 
 
 2
 Assuming appealability, the question of whether the district judge abused his discretion in supervising the counsel before him must be considered in light of the judge's obligation to insure that the plaintiff class is adequately represented throughout the litigation. See Cullen v. New York State Civil Service Comm'n, 435 F.Supp. 546, 563-64 (E.D.N.Y.), appeal dismissed, 566 F.2d 846, 848-49 (2d Cir.1977); Fed.R.Civ.P. 23(d); 1 H. Newberg, Newberg on Class Actions § 1.07, at 10 (2d ed.1985). To the extent it is claimed that Birnbaum and Zuckerman had been barred, de facto, from representing the class, we do not believe the district judge exceeded the bounds of his authority and responsibility to supervise counsel. Furthermore, in later determining that Birnbaum and Zuckerman had withdrawn from representing the class, the district judge was entitled to rely upon the representation of their co-counsel that this had indeed occurred. We also note that following the district judge's decision replacing them as class counsel, Birnbaum and Zuckerman did not attempt to participate in the case for approximately eleven months.
 
 
 3
 While the district judge may have erred in not permitting Birnbaum and Zuckerman to re-enter the case formally to represent the interests of R.L., see Fed.R.Civ.P. 23(d)(2); 7B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1799, at 441-46 (1986) (urging liberal consideration of motions to intervene in class actions), we see little prejudice to R.L. Indeed, after Birnbaum and Zuckerman indicated a desire "to participate as co-counsel, to review any proposed settlement and ... to inform the court and other plaintiffs' counsel as to what we believe is just and proper for our clients," they were invited to participate at the hearing on the settlement and they submitted written objections which were considered by the district judge.
 
 
 4
 With respect to the class settlement itself, the district judge carefully considered and evaluated the settlement in light of the factors set forth in this court's precedents. While the settlement did not incorporate Judge Neaher's previous "finding" that the BPC would be overcrowded when holding a population of 580 patients, Woe v. Cuomo, 638 F.Supp. 1506, 1515 (E.D.N.Y.1986), appellants fail to recognize that the context of the litigation had substantially changed by the time the settlement was reached. The most significant change was the reaccreditation of the BPC by the Joint Committee on Accreditation of Hospitals.
 
 
 5
 Appellants further argue that this settlement is not as beneficial as the settlement reached in a similar case in another district. While comparisons between similar actions may be helpful in addressing whether a settlement is fair, it is important to recognize distinctions between such actions. Moreover, since the ultimate question is whether this settlement was reasonable under the circumstances, a district judge is not required to make such a comparison. We conclude that the district judge did not abuse his discretion in approving the settlement which was reached by experienced counsel through arm's length negotiations.
 
 
 6
 While Birnbaum and Zuckerman have yet to submit a fee application, they urge that the matter be remanded to a different district judge for consideration of such an application. We see no reason to apply this "extraordinary remedy," Sobel v. Yeshiva Univ., 839 F.2d 18, 37 (2d Cir.1988), and we are confident that Judge Bartels will fully and fairly evaluate any application which is made by Birnbaum and Zuckerman.
 
 
 7
 We have considered appellants' remaining arguments and believe them to be without merit. The orders of the district court are AFFIRMED.