**Michael Douglas McNEIL, Petitioner,**

v.

**William B. GUTHRIE, Respondent.**

**Michael Douglas McNEIL, Plaintiff–Appellant,**

v.

**William B. GUTHRIE, Defendant– Appellee.**

**Nos. 90–572, 90–7066.**

United States Court of Appeals, Tenth Circuit.

Sept. 25, 1991.

---

Michael D. McNeil, pro se.

John Raley, U.S. Atty., D. Michael Littlefield, Asst. U.S. Atty., Muskogee, Okl., for respondent and defendant-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

No. 90-572

This is an original proceeding in the nature of mandamus. Petitioner seeks an order of this court directing respondent, the clerk of the United States District Court for the Eastern District of Oklahoma, to file all pro se papers concerning the Oklahoma prison class action, *Battle v. Anderson*,[1] district court No. 72-95-C, submitted by petitioner or any other prisoners, who are members of the class. We conclude the petition has merit only as to petitioner's filings[2] and grant mandamus relief to that extent only.

On two occasions, petitioner attempted to file papers within the *Battle* class action.[3] First, petitioner attempted to file a "Motion to Rescind the Temporary Indefinite Au-

---

1. *See, e.g., Battle v. Anderson,* 788 F.2d 1421 (10th Cir.1986); *Battle v. Anderson,* 708 F.2d 1523 (10th Cir.1983), *cert. dismissed,* 465 U.S. 1014, 104 S.Ct. 1019, 79 L.Ed.2d 248 (1984); *Battle v. Anderson,* 457 F.Supp. 719 (E.D.Okla. 1978), *remanded by,* 594 F.2d 786 (10th Cir. 1979), *appeal after remand,* 614 F.2d 251 (10th Cir.1980); *Battle v. Anderson,* 447 F.Supp. 516 (E.D.Okla.1977); *Battle v. Anderson,* 376 F.Supp. 402 (E.D.Okla.1974).

2. Petitioner lacks standing to raise any claims of others regarding the class action.

3. Prior to attempting to file these papers, petitioner had contacted class counsel about enforcing the consent decree. In response, class counsel acknowledged that he was still involved in *Battle.* He, however, refused to take or evaluate petitioner's case, as he was too busy. Petitioner later sent a second letter to class counsel, who did not respond. When he did not receive a response, petitioner sent a copy of the letter to the district court to file to show he attempted to get class counsel to act. The district court returned the letter to petitioner with an explanation that it was to be sent directly to class counsel and not filed with the court.

thority to Double Cell Oklahoma Prison Inmates." Essentially, petitioner sought enforcement of the consent decree in *Battle*. Respondent refused to file the motion. He sent petitioner's papers back to him with a letter indicating *Battle* was closed and petitioner should contact class counsel. On the second occasion, petitioner attempted to file a motion to show cause why *Battle* should not be reopened. In the motion, petitioner stated that class counsel refused to take the action requested or to respond to the request for further proceedings in *Battle*. Again, respondent refused to file the papers, returning them with a letter indicating petitioner should contact class counsel in *Battle*.

After the district court refused to file his papers, petitioner then filed a petition for writ of mandamus in the district court seeking an order directing respondent to file pro se pleadings of his and others in the *Battle* action. After the district court judge denied petitioner's motion for leave to proceed in forma pauperis, respondent returned the papers to petitioner unfiled.

Petitioner then sought mandamus relief from this court. We granted leave to proceed in forma pauperis.

We have jurisdiction to entertain a petition for writ of mandamus under 28 U.S.C. § 1651. *Storage Technology Corp. v. United States Dist. Court*, 934 F.2d 244, 246 (10th Cir.1991). " 'The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Mallard v. United States Dist. Court*, 490 U.S. 296, 308, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). In order to be entitled to mandamus relief, a petitioner must show a clear abuse of discretion or conduct which arbitrarily assumes and exercises authority contrary to that of the judiciary. *See id.* at 309, 109 S.Ct. at 1822. Additionally, because mandamus is an extraordinary remedy, a petitioner must also show that he lacks an alternative for the relief he seeks and that his right to the writ is not in dispute. *Id.*

In this case, petitioner has met his burden of showing that he has no alternative from which to seek relief. The district court will not file or consider his papers, and class counsel will not consider the same papers to determine whether to file a motion to enforce *Battle*. Thus, under these circumstances, petitioner has been effectively excluded from federal court. *See Facteau v. Sullivan*, 843 F.2d 1318, 1319 (10th Cir.1988). He has no alternative other than mandamus in which to seek relief.

In addition, petitioner has proven that respondent acted without jurisdiction and abused his discretion so as to cause a usurpation of power. *See Storage Technology Corp. v. United States Dist. Court*, 934 F.2d at 246–47. Although we agree, as respondent argues, that he need not file papers if the filing fee is not paid or if the district court denies leave to proceed in forma pauperis, *see* 28 U.S.C. §§ 1914(a), 1915(a), the record indicates the district court judge denied in forma pauperis status in only the mandamus action. Nothing in the record indicates in forma pauperis status was denied with respect to the other attempted filings. It appears that respondent returned the papers to petitioner on his own initiative. Because respondent's duties are merely ministerial and not judicial, such action was clearly beyond respondent's jurisdiction and was an abuse of discretion. Respondent should have permitted the papers seeking to enforce the consent decree to be filed and allowed the district court judge to make a ruling.

Because there is a potentially recurring problem of individual members of the class seeking to litigate issues within the class action, respondent and the district court must have a procedure for handling pro se filings. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action.

*Long v. Collins,* 917 F.2d 3, 4–5 (5th Cir. 1990); *Goff v. Menke,* 672 F.2d 702, 704 (8th Cir.1982). Claims for equitable relief must be made through the class representative until the class action is over or the consent decree is modified.[4] *Long,* 917 F.2d at 4–5.

Initially, respondent should file all pleadings. Because individual prisoners lack standing to individually litigate matters relating to the class action, *see id.; Goff v. Menke,* 672 F.2d at 704, the district court should examine the filed papers to make a threshold determination if the allegations are separate from or should be raised within the *Battle* class action. If it is more efficient, the district court could refer the matter to a magistrate for a recommendation, *see* 28 U.S.C. § 636(b)(1)(A) & (B); *McCarthy v. Bronson,* — U.S. —, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991), or appoint a special master to make a recommendation. If the claims are duplicative and are appropriately within the context of *Battle,* the district court should dismiss the action under 28 U.S.C. § 1915(d) and *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and either directly send the papers to class counsel or advise the pro se litigant that he must send the papers to class counsel. *See Long v. Collins,* 917 F.2d at 4–5 (claims must be made through class counsel until class action is closed).

Alternatively, the district court judge, using his inherent power, could issue a standing order permitting respondent to determine whether a pro se pleading raises issues duplicative of the class action. If respondent determines a pleading is duplicative, respondent could forward the papers to class counsel. When there has been no standing order entered, however, respondent cannot refuse to file a pro se pleading.

■ Class counsel has a continuing duty to receive papers until the class action is closed. He must examine the papers and make a decision on how to proceed. In doing so, he should exercise his independent judgment to determine whether a motion to enforce the consent decree should be filed. If respondent has forwarded papers pursuant to a standing order and class counsel disagrees with respondent's determination that the subject matter of the pro se pleading is within *Battle,* class counsel can certify his opinion to the district court. Respondent must then file the pro se pleading, and the district court itself must decide either initially or after referral whether the matter belongs within *Battle.*

■ If, after the pro se papers are sent to class counsel, he refuses to examine the papers or inappropriately determines they have no merit, the pro se prisoner may file a separate action either seeking to intervene in *Battle* or challenging the adequacy of the representation by class counsel. *See Baylor v. United States Dep't of Hous. & Urban Dev.,* 913 F.2d 223, 225 (5th Cir. 1990); *Walker v. City of Mesquite,* 858 F.2d 1071, 1074–75 (5th Cir.1988); *Gillespie v. Crawford,* 858 F.2d 1101, 1103 (5th Cir. 1988); *Guthrie v. Evans,* 815 F.2d 626, 628 (11th Cir.1987); *Green v. McKaskle,* 770 F.2d 445, 446–47 (5th Cir.1985).

■ Independent of any avenues of relief the pro se prisoner may have, the district court has a continuing supervisory duty over class counsel while the class is still open. *See Foe v. Cuomo,* 892 F.2d 196, 198 (2d Cir.1989) (district court judge has obligation to insure plaintiff class is adequately represented throughout litiga-

---

**4.** Class members may bring individual suits only under two sets of circumstances. First, class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action. *Spears v. Johnson,* 859 F.2d 853, 855 (11th Cir.1988), *vacated in part on other grounds,* 876 F.2d 1485 (11th Cir.1989); *Woodson v. Fulton,* 614 F.2d 940, 941 (4th Cir.1980). Second, class members may bring individual actions when they seek money damages. *Spears,* 859 F.2d at 854; *Norris v. Slothouber,* 718 F.2d 1116, 1117 (D.C.Cir.1983); *Herron v. Beck,* 693 F.2d 125, 127 (11th Cir.1982); *Goff,* 672 F.2d at 704; *cf. Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985) (court disagrees with rule precluding litigants from bringing separate damage actions, because its burdensome standards require every prisoner with a section 1983 claim to intervene in a class action in order to have his case heard).

tion), *cert. denied,* —— U.S. ——, 111 S.Ct. 441, 112 L.Ed.2d 424 (1990). Thus, the district court must constantly scrutinize class counsel to determine if counsel is adequately protecting the interests of the class. *North Am. Acceptance Corp. Sec. Cases v. Arnall, Golden & Gregory,* 593 F.2d 642, 645 (5th Cir.), *cert. denied,* 444 U.S. 956, 100 S.Ct. 436, 62 L.Ed.2d 328 (1979). Accordingly, the district court has the duty and authority to enter appropriate orders governing the conduct of class counsel and the parties. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981).

■ If representation is inadequate, and the court of its own initiative has not done something about the inadequate representation, class members again have the two avenues of relief mentioned previously. The individual class members may seek to intervene in the class action, contending they are not adequately represented in the class action. *Gillespie v. Crawford,* 858 F.2d at 1102–03; *Guthrie v. Evans,* 815 F.2d at 628; *Green v. McKaskle,* 770 F.2d at 446–47; *see also Brown v. Board of Educ.,* 84 F.R.D. 383, 391–92, 404 (D.Kan. 1979) (proper method of challenging compliance with class action order is intervention in pending case rather than filing of a new action). The second option is for class members to file a collateral suit alleging that class counsel is not adequately representing the class. *Baylor v. United States Dep't of Hous. & Urban Dev.,* 913 F.2d at 225; *Walker v. City of Mesquite,* 858 F.2d at 1075; *Guthrie,* 815 F.2d at 628.

■ When an action alleging inadequacy of representation has been filed or when pro se prisoners seek to intervene in the class action, the district court need not hold more elaborate proceedings than are necessary. Where the district court knows of the adequacy of representation by class counsel, no hearing is necessary. If the court has been monitoring counsel, it can evaluate the claims and dismiss the action sua sponte under section 1915(d) by stating that the inadequate pleadings do not raise an arguable basis in law or fact and that they are frivolous. *See Neitzke v. Williams,* 490 U.S. at 325, 109 S.Ct. at 1831.

■ Because there is potential for abuse of class counsel, class representation can be assumed adequate unless the class member raises substantial issues in a new suit or by intervention. Class counsel is entitled to be free from harassment by class members. All of his judgments cannot be challenged in court. Thus, because the district court has a responsibility to protect both class members and class counsel, it must balance the interests of class members against the danger of harassment to class counsel.

■ If, however, a class member prevails in an independent action, he is not bound by the named class representative. *Cf. Baylor v. United States Dep't of Hous. & Urban Dev.,* 913 F.2d at 223 (when unnamed class members fail to allege class representation is inadequate, they are bound by the named class representatives). He may assert his claims himself or through other counsel.

Under the proposed method for managing the class action, if a pro se prisoner's allegations fall within the scope of *Battle,* his claims must be dismissed for lack of standing. The claims must be decided within the *Battle* class action. If the prisoner's allegations are outside the scope of *Battle,* the action can be heard on its merits. *Cf. Facteau v. Sullivan,* 843 F.2d 1318, 1319–20 (10th Cir.1988) (where case referred to special master is outside the scope of class action, it can be transferred back to the court for reinstatement of the suit or the prisoner may refile on his own). In a hybrid case where both class and nonclass or damages issues are raised, the district court must dismiss all issues properly to be decided in the class action and must decide the nonclass or damages issues.

Accordingly, mandamus relief is granted. Respondent is directed to file petitioner's pro se papers in order that the district court may determine whether the arguments raised are within *Battle.*

## No. 90–7066

Petitioner appeals from an order of the district court denying him leave to proceed

in forma pauperis.[5]  *See Roberts v. United States Dist. Court*, 339 U.S. 844, 845, 70 S.Ct. 954, 955, 94 L.Ed. 1326 (1950) (denial by a district judge of a motion to proceed in forma pauperis is an appealable order).  As indicated above, petitioner attempted to file in district court a petition for writ of mandamus asking the district court to direct respondent to file his pro se papers seeking enforcement of the consent decree in *Battle*.  The district court denied both leave to proceed and leave to appeal in forma pauperis.

In light of our above discussion in No. 90–572, we conclude the district court erred in refusing to grant in forma pauperis status and in refusing to consider the petition for writ of mandamus.

Accordingly, mandamus relief is GRANTED in No. 90–572.  Respondent is directed to file petitioner's pro se papers in order that the district court may consider them as indicated in this order and judgment.  Leave to appeal in forma pauperis is GRANTED in No. 90–7066.  The district court's denial of leave to proceed and to appeal in forma pauperis is REVERSED, and the action is REMANDED for further proceedings consistent with this order and judgment.

---

**5.**  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R.App.P. 34(a);  10th Cir.R. 34.1.9.  The case is therefore ordered submitted without oral argument.