977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wayman G. ROBARDS, Plaintiff-Appellant,
v.
Robert T. STEPHAN, Attorney General; Gary Stotts; Raymond
Roberts, Asst. Sec.; Richard Koerner, Asst. Sec.; William
L. Cummings, Admin. Sec.; David R. McKune, Warden; Rudy
Stupar, Asst. Warden; John Callison, Asst. Warden; Randy
Butord, Asst. Warden; Tabor Madill, Admin. Asst.; Mike
Neve, Director of Classification; William Lucas, A.C.A.
Manager; Byron Jordan, Asst. A.C.A. Manager; Lenny Ewell,
Director, K.C.I.; David Shipman, Asst. Director K.C.I.;
John Stewart, Maintenance Manager, K.C.I.; Robert Hersh,
Unit Team Manager; Andrea Harris, Unit Team; Brett
Peterson, Unit Team, Defendants-Appellees.
 No. 92-3174.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on plaintiff/appellant Wayman G. Robards' motion for leave to proceed on appeal without prepayment of costs or fees. Robards, an inmate at the Lansing Correctional Facility, proceeding pro se, sued numerous Kansas corrections personnel and other officials pursuant to 42 U.S.C. § 1983 "to stop the open and blatant violations of civil rights within the Kansas prison system." Robards' complaint seeks punitive and compensatory damages and injunctive relief "closing the entire K.C.I. complex until such a time that all standards are addressed in totality and in accordance with federal OSHA under 29 C.F.R. ..."
 
 
 3
 Robards alleges in his complaint that he and other medium security prisoners at the Lansing Correctional Facility are unconstitutionally housed "within the maximum perimeter along with maximum security people who are violent offenders." He alleges that being housed with violent offenders is threatening and dangerous, and constitutes reckless and uncaring endangerment of human life by prison officials.
 
 
 4
 Robards also contends that he has been assigned to work in the prison paint factory "which is a complete and total death trap" and not in compliance with federal OSHA and state safety code standards. He claims that the condition of the prison paint factory amounts to a deliberate indifference to prisoner safety by prison officials.
 
 
 5
 Robards also contends that these conditions constitute contempt of a consent order entered in Arney v. Hayden, a district court case which is not included in the record, and which may have been dismissed. See App.Br. at 31.
 
 
 6
 The district court found that Robards' complaint was frivolous and dismissed it under 28 U.S.C. § 1915(d) as "lack[ing] an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[F]rivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition." Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 7
 Robards' claims relating to the paint factory and his housing with violent prisoners, are challenges to his conditions of confinement. Accordingly, those claims must be analyzed under the Eighth Amendment's prohibition against the infliction of "cruel and unusual punishment." Wilson v. Seiter, 111 S.Ct. 2321 (1991). Wilson clarifies that we must apply both an objective and a subjective test to determine whether specified conditions of confinement violate the Eighth Amendment. Id. at 2324. The objective test asks whether the alleged deprivation is sufficiently serious or grave to form the basis of an Eighth Amendment violation. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective component requires a state of mind constituting "deliberate indifference" on the part of the responsible prison officials. Id. at 2326-27.
 
 
 8
 Applying these standards, we conclude that Robards can make no rational argument on the law or the facts in support of the issues he seeks to raise on appeal. An inmate does not have a constitutional right to a particular classification within the prison population. And, prison officials retain broad discretion over the assignment and housing of inmates. Hewitt v. Helms, 459 U.S. 460, 467-68 (1983); Twyman v. Crisp, 584 F.2d 352, 356-57 (10th Cir.1978). Thus Robards' housing within the prison does not in itself raise any constitutional claim based on the vague and conclusory allegations here. However, protection against other inmates is a condition of confinement, and, depending upon the constraints facing the official, among other things, the deliberate failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation. See Berry v. City of Muskogee, 900 F.2d 1489, 1494-95 (10th Cir.1990); Harris v. Maynard, 843 F.2d 414, 416 (10th Cir.1988); Blankenship v. Meachum, 840 F.2d 741, 742 (10th Cir.1988). Nevertheless, Robards' allegations of generalized fear and intimidation, and the conclusory allegation that he and other medium security inmates are in danger because they are around dangerous maximum security inmates, are insufficient to state either a constitutionally inhumane condition, or culpable state of mind on the part of prison officials. For example, Robards relates no incident of assault or direct threat of assault upon him or anyone else, and states no reason suggesting that he has been specifically targeted, or that he, personally, is in imminent danger of attack by named inmates.
 
 
 9
 Similarly, Robards' allegations that the paint factory fails to meet federal and state safety standards are insufficient to form the basis of an Eighth Amendment violation. Workplace safety codes promulgated by state and federal governments do not establish constitutional standards. And, the generalization that the paint factory is a death trap states no cognizable Eighth Amendment Claim.
 
 
 10
 Finally, as regards Robards' contempt allegations, a contempt proceeding for violating an order in another action must be brought in that case by the appropriate parties. See McNeil v. Guthrie, 945 F.2d 1163 (10th Cir.1991).
 
 
 11
 Construing Robards' pleadings liberally as required under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we are satisfied that his vague and conclusory allegations do not present a reasoned, nonfrivolous issue for review. See Coppedge v. United States, 369 U.S. 438 (1962). Accordingly, leave to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3