2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Floyd Eugene MAESTAS, Plaintiff-Appellant,
v.
SALT LAKE COUNTY, a Government Entity; Bruce Thayne, Jail
Commander; Tom Schimizu, Salt Lake County Commissioner; D.
Michael Stewart, Salt Lake County Commissioner; and Bart
Barker, Salt Lake County Commissioner, Defendants-Appellees.
 No. 92-4199.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, JR., Circuit Judge.
 
 
 1
 Mr. Maestas, appearing pro se and in forma pauperis, appeals from the dismissal of his complaint pursuant to 28 U.S.C. Sec. 1915(d). We review the district court's Sec. 1915(d) dismissal for an abuse of discretion, giving Mr. Maestas' pleadings their mandated liberal construction. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Other factors we may consider on review include the degree to which genuine issues of disputed fact are present in the complaint, the law applied by the district court, the adequacy of the district court's statement explaining its reasoning and the type of dismissal. Id. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 2
 Mr. Maestas filed this civil rights complaint seeking the same relief as obtained by certain class members who obtained relief arising from confinement in the Salt Lake County jail in 1989. Relying on McNeil v. Guthrie, 945 F.2d 1163 (10th Cir.1991), the magistrate recommended that action be dismissed and Mr. Maestas be required to contact class counsel. The latter course not yielding results, the magistrate indicated that Mr. Maestas could proceed only if he had a legitimate basis for relief. IR. doc. 4 at 2. The district court adopted the magistrate's recommendation adding that Mr. Maestas would be afforded the opportunity to file an amended complaint to allege more facts to support his claim, presumably in the event that he could not join the class. IR. doc. at 6.
 
 
 3
 As we understand Mr. Maestas' brief on appeal, he seeks to maintain an independent action and be granted the same monetary relief as certain class members. While it is true that independent actions for money damages may be maintained when a class action seeking declaratory and equitable relief is pending, McNeil, 945 F.2d at 1166 n. 4, Mr. Maestas seeks the same monetary relief sought by the class and therefore he should first attempt to join the class. Thus, this case is distinguishable from those in which an independent action could be maintained because monetary relief was not part of the class action. See McNeil, 945 F.2d at 1166; Spears v. Johnson, 859 F.2d 853, 854 (11th Cir.1988), vacated in part on other grounds, 876 F.2d 1485 (11th Cir.1989); Norris v. Slothouber, 718 F.2d 1116, 1117 (D.C.Cir.1983); Herron v. Beck, 693 F.2d 125, 127 (11th Cir.1982); Bogard v. Cook, 586 F.2d 399, 408-09 (5th Cir.1978), cert. denied, 444 U.S. 883 (1979).
 
 
 4
 The magistrate's recommendation as supplemented by the district court is eminently reasonable and supported by the law. We express no opinion as to whether Mr. Maestas should be permitted to participate in any pending class action.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3