9 F.3d 119
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randy VANTIENDEREN, Plaintiff-Appellant,
v.
SALT LAKE COUNTY, a government entity; Bruce Thayne, Jail
Commander; Tom Shimizu, Salt Lake County Commissioner; D.
Michael Stewart, Salt Lake County Commissioner; and Bart
Barker, Salt Lake County Commissioner, Defendants-Appellees.
 No. 93-4054.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This matter is before the court on plaintiff Randy Vantienderen's motion for leave to proceed in forma pauperis on appeal without payment of costs or fees.
 
 
 2
 To succeed on his motion, plaintiff must show both the financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 Plaintiff seeks to appeal from the dismissal of his civil rights complaint filed pursuant to 42 U.S.C.1983. Plaintiff's complaint was dismissed by the district court pursuant to 28 U.S.C.1915(d) before service of process.
 
 
 4
 Plaintiff is an inmate at the Utah State Prison, Draper Utah. He asserts he was incarcerated in the Salt Lake County (Utah) jail for a period of time in 1989. He alleges that 35 others who were housed at that facility obtained class certification seeking damages for overcrowded jail conditions. Plaintiff's complaint sought to enforce relief in his favor comparable to that awarded to class members. The district court referred the case to the magistrate judge pursuant to 28 U.S.C. 636(b)(1)(B). The magistrate judge recommended dismissal because plaintiff did not first seek representation through class counsel. Plaintiff filed timely objections to the dismissal recommendation and amended his complaint to allege denial of his constitutional right to equal protection (as a consequence of not having been treated as a class member). He denied wanting representation by class counsel.
 
 
 5
 We have read the plaintiff's brief and the record and agree with the district court decision to dismiss the complaint pursuant to 28 U.S.C.1915(d). Plaintiff may not posture his action as one for denial of equal protection, seeking relief in the nature of that awarded in the class action. He must first seek relief through class counsel. Should class counsel refuse to represent him, or if plaintiff is not determined to be a member of the certified class, he may then pursue a separate action. McNeil v. Guthrie, 945 F.2d 1163, 1166-67 (10th Cir.1991). However, any complaint filed at that juncture must state an independent cause of action, which plaintiff's complaint also fails to do.
 
 
 6
 We conclude that plaintiff can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. The appeal is dismissed.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3