13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael DIAZ; George H. White, Regulation No. 56137,
Centennial Correction Facility; Jesse Lagunas, Regulation
No. 51084; Michael Ingram, Regulation No. 43629, Shadow
Mountain Correctional Facility; Douglas Lee Boehmer,
Regulation No. 75095, Colorado Territorial Correctional
Facility; Flazell Jefferson Beasley, Regulation Number
753153, Colorado Territorial Correctional Facility, by
themselves and on behalf of all others similarly situated,
Plaintiffs, and Bobby Eugene Pruitt, Plaintiff-Appellant,
v.
Roy ROMER, Governor of the State of Colorado; William
Wilson, Director of Division of Adult Services, Unit I;
Carlos Baca, Director of Division of Adult Services, Unit
II; John Perko, Director of the Division of Correctional
Industries; Harry B. Johnson, Superintendent of Centennial
Facility; Harold Henson; Thomas Cooper, Superintendent of
Colorado Territorial Correctional Facility; Frank O.
Gunter, Executive Director of the Colorado Department of
Corrections; Frank Rice, Acting Manager of Diagnostic Unit,
Colorado Department of Corrections, Defendants-Appellees.
 No. 93-1229.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1993.
 
 1
 Before LOGAN, MOORE and BRORBY, C.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Bobbie Eugene Pruitt appeals denial of his motion[2] attacking the final judgment and dismissal of a class action to remedy constitutional violations in three Colorado prison facilities. See Minute Order, April 26, 1993. Plaintiff also appeals denial of his "Motion for Relief from Judgment or Order Pursuant to Rule 60 FRCP," which we have ruled in a related case must be construed as a Rule 59(e) motion. Diaz v. Romer, No. 92-1249 (10th Cir. Oct.21, 1993).
 
 
 4
 Plaintiff's motion attacking the class action settlement alleged deceit and fraud by defendants in the class action proceedings and in the final agreement and order entered June 15, 1992. In denying plaintiff's motion, the district court ruled the class action was closed, and that any motion should be filed by class counsel. We agree.
 
 
 5
 Plaintiff was a member of the class when the class action was originally tried and appealed. In 1987, however, the district court granted a motion formally allowing plaintiff to pursue his claims in a separate action. Plaintiff thus was excluded from the class by the time the class action was settled. See District Court Order of June 12, 1992. The district court correctly found he had no standing to challenge the settlement order. See McNeil v. Guthrie, 945 F.2d 1163, 1167 (10th Cir.1991). Further, plaintiff cannot now challenge the settlement order through this appeal, because only parties to a lawsuit may appeal an adverse judgment. See Marino v. Ortiz, 484 U.S. 301, 304 (1988).
 
 
 6
 Plaintiff also appeals denial of his "Rule 60" motion, construed as a Rule 59(e) motion, in which he alleged that the district court minute order denying his "Motion for Order Requiring Protection ..." was signed by Jane Trexler, secretary to the district judge. Plaintiff points out that Trexler has no authority to enter an order, and thus asserts his original motion was not given a proper hearing. The district court denied the Rule 59(e) motion, finding Trexler's signature indicated only that she complied with Fed.R.Civ.P. 77(d) regarding mailing of the order to the parties. We hold the court did not abuse its discretion in finding the order was properly issued.
 
 
 7
 APPEAL DISMISSED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The motion was captioned as "Motion for Order Requiring for Protection of Members of the Class Pursuant to Rule 23(d)2 and/or Hearing Regarding Defendant's Failure to Comply with Final Agreement," filed February 2, 1993