LOGAN, Senior Circuit Judge,
dissenting:
If I could view this as simply a case of a client suing his lawyer, a resident of the same state, for malpractice I would concur in the majority opinion. But the malpractice action here is by a member of a class certified under Federal Rule of Civil Procedure 23 in a federal court suit alleging unconstitutional prison conditions; the alleged malpractice is that class counsel did not secure more out-of-cell exercise time in negotiating a settlement approved by the district court.
*1507 Only one court has held that a Rule 23 class member can bring a malpractice action against class counsel. Zimmer Paper Products, Inc. v. Berger and Montague, P.C., 758 F.2d 86 (3d Cir.), cert. denied, 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 227 (1985). That case involved an alleged negligent failure to give notice to a class member; the court denied relief after finding that counsel had complied with court orders. In dicta the D.C. Circuit has indicated that it might recognize such a claim, citing Zimmer Paper Products. Peters v. National R.R. Passenger Corp., 966 F.2d 1483, 1487 n. 3 (D.C.Cir.1992). No ease, however, has ever held class counsel liable for malpractice. See Susan B. Koniak, Through the Looking Glass of Ethics and the Wrong mth Rights We Find There, 9 Geo.J.Legal Ethics 1, 14 (1995) (hereinafter Koniak).
In contrast, Laskey v. UAW, 638 F.2d 954 (6th Cir.1981), rejected a legal malpractice claim against the UAW, which represented plaintiffs in a federal class action, in the following words:
Since appellants had the opportunity to object to the legal representation at the prior settlement hearing and since a finding that the class was adequately represented is necessary for finding the settlement was fair and reasonable, which in turn was essential to approving the settlement, appellants are collaterally estopped from now asserting that the legal representation was not adequate and that the UAW committed legal malpractice.
Id. at 957 (citation omitted). In McNeil v. Guthrie, 945 F.2d 1163 (10th Cir.1991), the court held that a plaintiff prisoner dissatisfied with actions of class counsel has two options: to “seek to intervene in the class action” or to “file a collateral suit alleging that class counsel is not adequately representing the class.” Id. at 1167. These were regarded as the only available remedies because of the potential for abuse of class counsel. “Class counsel is entitled to be free from harassment by class members.” Id.
Although no Eleventh Circuit cases have involved a suit against class counsel, Eleventh Circuit precedent is consistent with McNeil. In fact, McNeil cited Guthrie v. Evans, 815 F.2d 626 (11th Cir.1987), in which a dissatisfied class member sought to appeal a district court’s judgment in a prison conditions class action. The court ruled that the class member lacked standing, stating that “[t]he procedures for class actions are carefully set forth in Fed.R.Civ.P. 23.” Id. at 628. It held the class member (who could not opt out of the class) had only two available avenues of relief: a motion to intervene or a collateral proceeding to challenge the adequacy of the representation. Nonrecognition of a malpractice action against class counsel would also seem compelled by the following oft-cited comments of the Fifth Circuit, binding in the Eleventh Circuit, in Adams Extract Co. v. Pleasure Hours, Inc. (In re Corrugated Container Antitrust Litigation), 643 F.2d 195, 212 (5th Cir.1981):
It is, ultimately, in the settlement terms that the class representatives’ judgment and the adequacy of their representation is either vindicated or found wanting. If the terms themselves are fair, reasonable and adequate, the district court may fairly assume that they were negotiated by competent and adequate counsel; in such cases, whether another team of negotiators might have accomplished a better settlement is a matter equally comprised of conjecture and irrelevance.
Despite the general rule that federal rules of procedure do not create causes of action, clearly whether a class member may sue class counsel for malpractice arising out of a federal court-approved settlement is a federal question. The one court that has explicitly recognized the possibility of a malpractice suit against class counsel indicates that “the bounds of a class counsel’s fiduciary duty with respect to notice are determined in large part by due process and Rule 23 requirements.” Zimmer Paper Products, 758 F.2d at 91. One commentator who favors such an action states that “the class action court’s responsibility under Federal Rule of Civil Procedure 23 to assess the adequacy of class counsel makes it unlikely that the court will use malpractice actions as a means of enforcing class counsels’ obligations.” Koniak at 15. In arguing for recognition that author indicates a malpractice action must be based upon an interpretation of the require *1508 ments of Rule 23. Id. Thus, if the courts are to recognize the existence of a malpractice action on behalf of class members against class counsel, it must be grounded on federal law. The federal courts administering Rule 23 class actions could not tolerate different views on recognition of such an action from different state courts.
Thus, I would hold that the complaint in the instant ease is a claim derived from federal law and that the case was properly removed to federal court. I would affirm the district court’s dismissal of the action for the reason that we would not recognize a malpractice claim against class counsel.
For these reasons I respectfully dissent.