**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKY TYREE,

        Plaintiff - Appellant,

and

ROBERT M. WILLIAMS; UNITED
STATES OF AMERICA,

        Plaintiffs,

v.

RON WARD, Director; DAN
REYNOLDS, Warden of Oklahoma
State Penitentiary; CALVINO S.
MUSE, HUGH REED, WILLIAM
EVANS, PHIL DESSAUER; JOE R.
MANNING, JR., GREGORY H.
HALL, and DANIEL BINTZ,
Members of the Oklahoma Board of
Corrections,

        Defendants - Appellees.

No. 01-7037
(D.C. No. 72-CV-95-B)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**   *

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HENRY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Ricky Tyree appeals the district court's order discharging the remaining injunctions in the Oklahoma prisoner class action suit initiated by former class representative Bobby Battle in 1972. Because plaintiff has not demonstrated that the district court erred in finding no ongoing constitutional violations, we affirm.

This longstanding class action raised claims that the conditions in Oklahoma prisons were so inadequate that they violated the constitutional rights of the inmates incarcerated within the state system. The federal district court agreed that the conditions of confinement in the early 1970's violated the inmates' constitutional rights and issued a series of injunctions requiring the Oklahoma Department of Corrections (DOC) to remedy the violations. *See* *Battle v. Anderson* , 376 F. Supp. 402 (E.D. Okla. 1974); *Battle v. Anderson* , 447 F. Supp. 516 (E.D. Okla. 1977). One of these injunctions prohibited the DOC from any further racial discrimination and required that future cell assignments be

made without regard to race. *Battle* , 376 F. Supp. at 428. A second injunction required a minimum square footage per inmate and prohibited placing more than one prisoner in each cell. *Battle* , 447 F. Supp. at 526. Since then, there have been numerous proceedings in the case.

In 1979, the State of Oklahoma presented to the district court a plan to build several modern penal facilities to alleviate the overcrowding. Although these institutions were built according to plan, during the same years the State faced a tremendous increase in crime, and therefore, an increase in prisoners. In December 1981, the Oklahoma DOC declared a state of emergency regarding its prison population, and sought the court's permission to double cell inmates. In January 1982, the court granted permission for double celling, and in April 1982, the court granted the DOC such authority indefinitely.

In October 1982, after several evidentiary hearings, the district court found that the inmates were not currently housed under unconstitutional conditions, despite the double celling. We affirmed, holding that the Supreme Court's decision in *Rhodes v. Chapman* , 452 U.S. 337, 347 (1981), that double celling in the Ohio prison system did not violate the Eighth Amendment, controlled in our case based on the undisputed evidence that Oklahoma prisons equaled the Ohio space allowances and generally provided better conditions than the Ohio system. *See Battle v. Anderson* , 708 F.2d 1523, 1533-36 (10th Cir. 1983).

In December 1983, the district court held that because the prisons had been constitutional since October 1982, all of the *Battle* claims should be dismissed, but that the injunctions should remain in place. We affirmed in part and reversed in part, holding that the court correctly dismissed all claims except for the racial discrimination claim. We specifically reiterated that the conditions of confinement in the Oklahoma system did not violate the Eighth Amendment under *Rhodes*. *See Battle v. Anderson*, 788 F.2d 1421, 1427-29 (10th Cir. 1986).

In 1996, Congress enacted the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). The PLRA included a provision that prison conditions injunctions should be dismissed after two years unless the court found "current and ongoing" constitutional violations. 18 U.S.C. § 3626(b). Beginning in 1997, the parties began negotiating a settlement agreement which was submitted to the district court on June 29, 1999. On February 29, 2000, the district court entered an order dismissing all injunctions in the *Battle* litigation except those pertaining to overcrowding, conditions of confinement, medical care, and racial discrimination.

On January 26, 2001, plaintiff-intervenor United States stipulated to the district court that, as a result of an agreement with defendants, there were no longer "any current and ongoing violations of the inmates' Federal rights on a systemic basis in regards to overcrowding, conditions of confinement, and racial

-4-

segregation and discrimination in the Oklahoma prison system." Supp. R., Doc. 1848 at 2. On that same date, the district court dissolved the injunction regarding the adequacy of medical care. On January 30, after a hearing, the district court dissolved the remaining injunctions and dismissed the race discrimination claim, finding that there were no longer any "current and ongoing" constitutional violations.

Plaintiff appealed the district court's orders of January 26 and January 30, 2001. Before we address the merits of plaintiff's arguments, we must determine whether we have jurisdiction over this appeal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding the "requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (quotation omitted).

Defendants argue that plaintiff lacks standing to pursue the appeal because he was not a named party or an intervenor in the underlying case. The United States Supreme Court has held recently that "class members . . . who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." *Devlin v. Scardelletti*, 122 S. Ct. 2005, 2013 (2002). The Court also clarified that this was not a jurisdictional issue because plaintiff, as a member of the class bound by the

decision, had a sufficient interest in the case to meet constitutional requirements. *Id.* at 2009.

Here, plaintiff filed a "Motion for Immediate/Emergency Injunctive Order" in the district court on July 14, 2000, raising the issues of ongoing overcrowding, forced double celling of incompatible inmates, and inadequate medical services. Supp. R., Doc. 1765. Because plaintiff is *pro se*, we will construe this pleading as an objection to the impending closure of the class action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* pleadings are to be construed liberally). Accordingly, plaintiff is entitled to appeal the district court's rejection of his objections to the dismissal of the injunctions.

Plaintiff's appellate brief raises a host of issues which were not addressed by the district court's orders, and which should be raised, if at all, in a separate civil rights action. *McNeil v. Guthrie*, 945 F.2d 1163, 1166 n.4, 1167 (10th Cir. 1991) (explaining that class members may bring individual lawsuits when their claims "are not being litigated within the boundaries of the class action").

Plaintiff's primary argument is that the injunctions should not have been dismissed because the constitutional rights of Oklahoma prisoners are still being violated by the overcrowding, double celling, and forced racial integration. Although plaintiff recites facts which he believes show ongoing violations of the inmates' rights, he does not cite to any evidence in the record, despite the

numerous evidentiary hearings before the district court regarding the Oklahoma DOC's compliance with the injunctions. The anecdotal statements in plaintiff's brief are not evidence, and are insufficient to show that the district court clearly erred in finding no ongoing constitutional violations.

Further, plaintiff's arguments misconstrue the law. Although it is true that the district court initially held that double celling violated the inmates' rights, the United States Supreme Court has since clarified that double celling, in itself, does not violate the Eighth Amendment to the Constitution. *Rhodes*, 452 U.S. at 347-50. Plaintiff's arguments that double celling violates state law or prison recommendations does not raise an argument under the United States Constitution. Further, Oklahoma's policy of random cell assignments was an outcome of this lawsuit, which held that segregated cell assignments constituted unacceptable racial discrimination. *See Battle*, 376 F. Supp. at 428 (ordering that cell assignments be made without regard to race).

In addition to plaintiff's appeal, we have received applications from the following inmates seeking to intervene in the appeal: William T. Alexander (#255275); Ronald A. Arms (#186723); Billy K. Beesley (#161023); Anthony W. Bradshaw (#205273); Dewayne Butler (#114112); Jimmie W. Cargill (#152821); Thomas Lee Case (#392449); Hezekiah J. Colbert (#375192); Richard D. Colbert (#210758); Marco L. Cooper (#391118); Robert Cotner (#93780); Lloyd W.

Culifer (#400841); Allen R. Curtis (#259393); Ralph W. DeJarnett (#211871); Christopher Dries (#397540); Jessie D. Duffield (#98611); Christopher L. Fields (#245396); Billy D. Harmon (#98725); Carroll E. Huff (#unknown); Mark W. Hurley (#261195); Loy L. Kerns, Jr. (#167798); Maurice Lovelace (#unknown); Jackie Manis (#242979); Kim L. Mason (#125881); Dennis W. McDowell (#89233); Douglas R. Parker, Jr. (#387955); Ralph E. Phillips (#90140); Charles M. Pyron II (#227708); Kenneth W. Rakestraw (#247062); Rev. T.L. Rhine (#85629); Richard Rodriguez, Jr. (#240364); Dezi Roman (#383728); Robert V. Ruback (#392709); Louis Ruffin (#unknown); Richard Dean Smith (#107954); Randy E. Strong (#188005); Billy Gene Sudderth (#219571); Robert T. Sullivan (#408398); Lincoln E. Taylor (#123272); Donald L. Townsley (#120136); Mickey R. Traylor (#375540); Lance E. Waggoner (#248111); Calvin Ray Westfield (#280941); James A. Wheeler (#233623); and Eugene M. Young (#376471).

Because none of these inmates filed a timely notice of appeal, they are not parties before this court. Nor have they demonstrated entitlement to intervene pursuant to Federal Rule of Civil Procedure 24(a), because they have not shown that a federal statute confers an unconditional right to intervene, or that plaintiff Tyree's appeal is inadequate to represent the interests of the remaining inmates. Therefore the inmates' motions to intervene are denied.

All outstanding motions are DENIED, and the judgment of the United

States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge