FILED
United States Court of Appeals
Tenth Circuit

**July 27, 2010**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GERALD SENSABAUGH,

Plaintiff-Appellant,

v.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
COLORADO, and SUSAN JONES,
WARDEN, COLORADO STATE
PENITENTIARY,

Defendants-Appellees.

No. 09-1562

(D. of Colo.)

(D.C. No. 1:09-CV-01688-ZLW)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Gerald Sensabaugh, a prisoner in the custody of the Colorado Department

of Corrections proceeding pro se,[1] appeals the district court's dismissal of his

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Sensabaugh is proceeding pro se, we construe his filings

(continued...)

complaint. The district court dismissed the complaint for lack of subject matter jurisdiction since the allegations in the complaint challenge the implementation of settlement orders arising from a class action, *Montez v. Owens*, No. 92-cv-0870 (D. Colo.).

We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM the district court's dismissal of Sensabaugh's complaint in part and REMAND with instructions to treat the remainder of the complaint as an attempt to initiate enforcement proceedings under the *Montez* settlement agreement and to transfer it to the *Montez* special masters.

## I. Background

Sensabaugh is a member of the class in *Montez*, an action brought in the District of Colorado against the Colorado Department of Corrections under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983 on behalf of Colorado inmates suffering from particular disabilities. A settlement agreement in the *Montez* class action was approved in August 2003.

The settlement agreement created a procedure by which special masters evaluate individual class members' claims for damages. The district court is overseeing the settlement agreement's implementation.

---

[1](...continued)
liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

In May 2006, the special masters ordered the Department of Corrections to provide Sensabaugh a new four-inch mattress or an egg-crate mattress; a new, proper-fitting pair of shoes; and $250.00. Between July and September 2006, and between February and April 2008, Sensabaugh submitted several documents—styled as motions—to the district court, seeking enforcement and modification of the special masters' order. With respect to Sensabaugh's 2006 submissions, the district court issued an order in September 2006 stating the Department of Corrections had achieved full compliance with the special masters' order. Regarding Sensabaugh's 2008 submissions, the district court issued an order in September 2008 finding Sensabaugh's claim had been fully adjudicated, holding Sensabaugh's submissions had been inappropriately filed as motions, and stating additional filings by Sensabaugh would not be considered.

In December 2008, in an indirectly related matter, the special masters in *Montez* filed a report, requesting guidance from the district court. The report noted class counsel had asserted they do not represent class members on their claims for individual damages sustained as a result of the Department of Corrections's continued non-compliance with the settlement agreement. The report also indicated the Department of Corrections had stated no individual class member should be able to seek personal relief. Finally, the report asked the district court to determine whether the special masters should direct class

members' individual requests for damages relating to non-compliance to class counsel.

In July 2009, Sensabaugh filed another complaint, essentially seeking to enforce the special masters' May 2006 order. Sensabaugh's complaint named the district court and Colorado State Penitentiary Warden Susan Jones as defendants.

In November 2009, the district court dismissed Sensabaugh's suit. The district court held it lacked subject matter jurisdiction and stated Sensabaugh needed to direct any issues relating to the Department of Corrections' compliance with the special masters' order to the class counsel in *Montez*. The district court also noted § 1915 requires courts to dismiss actions at any time if they are frivolous, malicious, fail to state a claim on which relief may be granted, or seek relief from a defendant who is immune from such relief; informed Sensabaugh future attempts to raise the same issues in a suit brought pursuant to § 1915 would result in dismissal; and cautioned Sensabaugh his ability to file actions and appeals under § 1915 could be barred if three or more of his actions or appeals were dismissed for one of the aforementioned reasons. Sensabaugh appealed this order in December 2009.

In March 2010, the district court issued an order regarding the *Montez* special masters' December 2008 report. The order held *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991), governs the special masters' treatment of individual class members' pro se motions, stated submissions relating to the enforcement of

the special masters' orders are properly filed pro se with the special masters, and stipulated individual class members' claims relating to the terms of or the Department of Corrections's compliance with the settlement agreement generally are for class counsel to pursue. The order also stated the special masters could accept no further pro se filings relating to the enforcement of their orders after April 16, 2010.

## II. Discussion

We review a district court's decision to dismiss a complaint for lack of subject matter jurisdiction or under § 1915 de novo. *See Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1175 (10th Cir. 2010); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).

On appeal, Sensabaugh argues the district court erred by dismissing his complaint. He also continues to seek enforcement of the special masters' May 2006 order.

"[I]ndividual prisoners lack standing to individually litigate matters relating to [a] class action." *McNeil*, 945 F.2d at 1166. When confronted with the complaint of a class member seeking equitable relief based on issues relating to the class action, a district court may dismiss the complaint without prejudice and instruct the plaintiff to cooperate with class counsel or intervene in the class action. *See id.*; *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982) (cited with approval in *McNeil*, 945 F.2d at 1166). Additionally, a district court may treat

such a complaint as an attempt to initiate contempt proceedings and transfer it to the class action docket. *See Goff*, 672 F.2d at 705.

Here, in accordance with *McNeil*, the district court dismissed Sensabaugh's complaint for lack of subject matter jurisdiction—Sensabaugh did not have standing to bring his complaint. Without finding fault in that determination, and noting the apparent confusion in *Montez* regarding whether individual class members were to submit their requests for the enforcement of the special masters' orders to class counsel, the special masters, or the district court, we conclude the appropriate course is to treat Sensabaugh's action as an effort to enforce the special masters' May 2006 order.

To the extent Sensabaugh seeks to assert claims against the United States District Court for the District of Colorado based on the district court's rulings in *Montez*, we dismiss Sensabaugh's complaint. Sensabaugh's vague and conclusory allegations that the district court engaged in a conspiracy with the Department of Corrections to deprive him of the relief ordered by the special masters fail to state a claim on which relief may be granted. *See Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.") (internal quotation marks omitted). Moreover, insofar as Sensabaugh attempts to hold the district court liable for its decisions, Sensabaugh again fails to state a claim on which relief may be granted. "A judge is immune from liability for his judicial acts

even if his exercise of authority is flawed by the commission of grave procedural errors." *Moss v. Kopp*, 559 F.3d 1155, 1163–64 (10th Cir. 2009) (internal quotation marks omitted).

Viewing the remainder of Sensabaugh's complaint as an attempt to initiate enforcement proceedings, we remand to the district court for transfer to the *Montez* court for evaluation by the special masters, for several reasons. First, the special masters in *Montez* are familiar with evaluating individual class members' efforts to enforce the special masters' orders. Second, reassigning the complaint to the *Montez* court assures Sensabaugh's requests will be directed to the appropriate entity—i.e., class counsel, the special masters, or the district court. Finally, transferring Sensabaugh's complaint would provide an opportunity for Sensabaugh's concerns to be addressed. As a practical matter, given that the *Montez* court's March 2010 order stated pro se filings relating to the enforcement of orders would not be accepted after April 16, 2010, the issues Sensabaugh raises may not be heard if he is forced to file new pro se submissions with the special masters in *Montez*.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Sensabaugh's complaint in part and REMAND with instructions to treat the remainder of the complaint as an attempt to initiate enforcement proceedings and to transfer it to the *Montez* special masters. Further, we GRANT Sensabaugh's

motion to proceed on appeal in forma pauperis. Sensabaugh has shown a financial inability to pay the required fees and, in accordance with our above disposition, we do not find his appeal violated § 1915. Nevertheless, Sensabaugh must make partial payments until the filing fee is paid in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge